### CHRISTINA POST ·and others *vs.* CORNELIUS POST and others.

When, in proceedings for the partition of land. among a· widow and heirs, the commissioners determine that the portion set apart for the widow's dower cannot be actually partitioned without injury to the parties entitled in remainder, it is their duty to report their determination to the court; and it is then the duty of the court to order a sale of that portion of the premises, subject to the life estate of the widow.

A direction or determination, by commissioners, that the portion set off to the widow should be sold, on her death, is of no effect; as the court, only, can make such order.

Considering such a determination by the commissioners as a report that that portion of the lands cannot be actually partitioned, the court will be authorized to order the sale of it by the commissioners.

Where a portion, only, of the land of a deceased owner had been actually partitioned, and the residue was left to be partitioned on the death of the widow; in other words, another proceeding to partition the premises must be instituted.; it was *held* that such a practice was not contemplated nor tolerated by the statute.

In such a case, the court should order a sale of the part set off· as dower, subject to the right of the doweress to occupy the same during her life, and not leave that portion ·of the land to be the subject of another proceeding to partition it.

There can be, regularly, but one judgment for partition, and that must settle the rights of all the parties to the proceedings.

Where commissioners in partition stated in their ·report that· the parcel set off to the widow, for dower, was so situated as to make a valuable farm, and that if divided among the heirs, the parcel that would be assigned to each, would be so small as to be of but little value, and the value of the whole would be thereby much lessened; *held* that the reason assigned was entirely satisfactory; and that it applied, in all its force, to the other subdivisions, assigned to the heirs.

Commissioners have power to require the payment of money, to equalize shares. The court cannot, therefore, set aside a report because such power has been exercised. It must appear that it has been abused, or that its exercise in the given case operates unjustly.

Cases may arise in which it would be unjust to. compel a tenant in common to pay to his co-tenant a large sum of money to equalize their interests, in partitioning the lands held in common. The amount may be so large, and the means of the party required to pay be so limited, that it would be practically impossible for him to raise it. In such a case, the court should refuse to confirm the report, and, if necessary, direct a sale of the whole premises.

A PPEAL from an order confirming a report of commissioners in partition.

At some time previous to April, 1862, Cornelius Post, of Lodi, in the county of Yates, died seised in fee of a tract, or farm of land in said town, containing 459 acres, and leaving him surviving, his widow Christina, and heirs entitled to said lands.

In April, 1862, proceedings were instituted to partition said land among said widow and heirs, and such proceedings were had, that commissioners were appointed to partition said premises among the parties to the proceedings, in the shares or portions prescribed by the court. The commissioners heard the parties, and made the following division of said lands among those entitled, to wit:

*First.* To the widow, the use of 137 acres for her life, and on her death the same to be sold and the proceeds divided among the heirs, according to their respective interest therein.

The commissioners, in their report, say, that the parcel set off to the widow is so situated as to make a valuable farm, and that to divide it among the heirs, the parcels that would be assigned to each would be so small as to be of little value, and the value of the whole would be thereby much lessened.

*Second.* They give to Cornelius Post 100 acres of said land, and charge him with the payment to certain others of the heirs to the amount in the aggregate of $3,842.51.

The report was confirmed, and from the order of confirmation, Cornelius Post appealed.

*By the Court,* MULLIN, P. J. The appellants' counsel relies on two grounds to reverse the order of confirmation, to wit:

First. That the lands set off to the widow, should have been partitioned among the heirs, and if not susceptible of partition without injury to the heirs, that then they should be sold and the proceeds divided.

Second. The commissioners had no power to compel Cornelius Post to take the one hundred acres and pay so large an amount to the others of the heirs.

It was the duty of the commissioners, on determining that the portion set off to the widow for her dower could not be actually partitioned without injury to the parties entitled in remainder, to report their determination to the court; and it was then the duty of the court to have ordered a sale of that portion of the premises subject to the life estate of the widow.

Section 46 of the statute, relating to the partition of lands, (3 *R. S.* 611, *5th ed.*,) provides that if the commissioners shall report to the court that the lands, or any distinct lot, tract or portion thereof, is so situated that a partition thereof cannot be made without great prejudice, &c., and if the court shall be satisfied that such report is just and correct, the court may thereupon order the commissioners to sell the same at public auction.

The direction or determination of the court that the portion set off to the widow shall be sold on her death, is of no effect; as the court only can make such an order.

Considering the determination of the commissioners, as to the sale on the death of the widow, as a report that that portion of the lands cannot be actually partitioned, the court would have been authorized to order the sale of it by the commissioners; but this has not been done. The result of this omission is that a portion only of the land of the deceased owner has been actually partitioned, and the residue is left to be partitioned on the death of the widow. In other words, another proceeding to partition the premises must be instituted. Such a practice is not contemplated nor tolerated by the statute. Section 8 of the statute, subdivision 2, provides that the petition for partition or sale shall set forth the rights and titles of all persons interested, so far as the same are known, including the interest of any tenant for

years or for life, by the curtesy or in dower, and the persons entitled in reversion, remainder or inheritance after the termination of any particular estate therein, and every person who, by any contingency contained in any devise, grant or otherwise, may be or become entitled to any beneficial interest in the premises. Section 14 requires the petition to be served on all persons made parties.

Section 44 declares, that on the confirmation of the report of the commissioners judgment shall be rendered that such partition be firm and effectual forever, and it shall be binding and conclusive.  1. On all parties named therein and their legal representatives, who shall, at the time, have any interest in the premises. 2. On all persons who are interested but unknown. 3. On all persons claiming from such persons, or either of them.

There can be regularly but one judgment, and that must settle the rights of all the parties to the proceedings.

There are but two cases in which there may be a partial partition of the lands, as to which the proceedings are instituted.  The first is where the interests of parties have not been ascertained, partition may be made among those whose rights have been established and the residue left to be divided among those who afterward appear and establish their interest.  (§ 28.)  The second is where there are conflicting claims to any share or interest in said premises.  Such share shall not be partitioned until the conflicting claims are adjusted, and then such share may be partitioned.

This case is not within either of the foregoing exceptions.  The court should have ordered a sale of the part set off as dower, subject to the right of the doweress to occupy the same during her life, and not leave that portion of the land to be the subject of another proceeding to partition it.  The commissioners assign as a reason

for not actually dividing the part assigned for dower, that it is so situated as to make a valuable farm, and the shares of it, should they be divided, would be so small as to lessen the aggregate value of the subdivisions. The reason assigned is entirely satisfactory, but I am unable to perceive why the same reason did not apply in all its force to the six other subdivisions, assigned to the same number of the heirs. To one of them is assigned eight acres only, and five others less than forty acres each. These quantities are too small for farms, and therefore the aggregate value is diminished by such a division. It would seem that a sale would have been proper of the whole farm, if regard is paid to the views of the commissioners.

Again, it is difficult to comprehend why the one hundred acres set off to Cornelius Post was not subdivided. The parts assigned to Ella Dunn, Lewis Post, Cornelius P. Dunn and Cornelius Post, contain 175 acres. This would have given to each of the four 43.75 acres, a greater number of acres than are given to either of the other heirs, and each of the parts would front on the highway. The only objection that can be raised to such a division, in the absence of any evidence as to the situation and relative value of the parts, would seem to be the narrow frontage on the street and the great distance from front to rear.

These subdivisions, if made as suggested, would have substantially the same width of front, and would contain about seven acres more than either of the other four subdivisions.

These remarks are not made because we doubt the fairness of the conclusions at which the commissioners have arrived, but to show to them the propriety of explaining in the new report, which they may make, why the division suggested was not made.

The second ground on which the appellants' counsel seeks to reverse the order of confirmation is not tenable.

Before the statute, courts of equity entertained actions for the partition of lands, and ordered one or more of the parties to whom parts of the premises were allotted of greater value than the share to which they were entitled, to pay money to others receiving less than their share of them to render the allotment equal. The commissioners have power to require the payment of money to equalize shares. The court cannot therefore set aside the report because such power has been exercised. It must appear that it has been abused, or that its exercise in the given case operates unjustly.

Cases may arise in which it would be most unjust to compel a tenant in common to pay to his co-tenant a large sum of money to equalize their interests, in partitioning the lands held in common. The amount may be so large, and the means of the party required to pay be so limited, that it would be practically impossible for him to raise it. In such a case I should refuse to confirm the report, and if necessary direct a sale of the whole premises.

Because of the omission to direct the land set off as dower to be sold, the order of confirmation must be reversed, without costs to either party.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]