ELIZA DELAFIELD, Respondent, *v.* FRANCIS C. BARLOW, as Executor, etc., et al., Appellants.

S. died, leaving his wife and four daughters surviving him. By his will he directed his executors to divide one-half of his residuary estate, real and personal, into four equal parts, which he gave to said executors in trust to receive and apply the rents and profits to the use of the testator's wife during her life; after her death the rents and profits of one of said parts to the use of each of his said children during life, and upon her death 'to pay over, transfer and deliver the principal of said one-fourth part, together with any arrears of income" to her heirs, or to such person or uses as said daughter "may by her will appoint." The other half he directed his executors also to divide into four parts and to give one to each of the testator's said children. The will also provided that any moneys advanced to either of said children and charged in the testator's books of account against her share in the estate, should be deducted " from the sum bequeathed to such daughter in this section." The will also empowered the executors "for the purpose of carrying into effect " the will and the trusts therein created, to sell " in their discretion " any and all of the real estate. In an action for partition of certain real estate of an interest in which the testator died, seized, and which was included in said residuary clause, *held*, that an infant child of one of the daughters was not a necessary or proper party defendant under the Code of Civil Procedure (§ 1538) ; that she never could take the real estate, and had no title thereto or interest therein as realty, but that the whole title vested in the executors and trustees ; that, construing all the provisions of the will together, the direction to sell the real estate was imperative and there was, therefore, an equitable conversion thereof into personalty.

(Argued November 29, 1887; decided December 13, 1887.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 9, 1887, which affirmed an order of Special Term denying an application of Louisa Shaw Barlow to be made defendant herein.

This action was brought for the partition of certain real estate situated upon Staten Island. The material facts are as follows: Francis George Shaw died in 1882, at the time of his death owning an undivided two-fifths of the real estate. He left surviving him a wife and four daughters, one of whom is the wife of the appellant, Francis C. Barlow. He disposed of his estate real and personal by will in which after giving

certain legacies and devising his homestead upon a special trust, he disposed of the residue of his estate as follows: " I direct my executors to divide one-half of all the residue of my estate, both real and personal, including the proceeds of all policies of insurance on my life not otherwise disposed of into four equal parts, and I give one of said equal fourth parts to my said executors, the survivors and survivor of them, in trust, nevertheless, to receive the rents, profit and income thereof as the same shall accrue, and to apply the same to the use of my said wife during her life, and, after her death, to apply said rents, profits and income to the sole and separate use of my daughter Anna, wife of George William Curtis, during her life, and after her death to pay over, transfer and deliver the principal of said one-fourth part, together with any arrears of income, to the heirs of my said daughter Anna, or to such person or persons, or to such uses as my said daughter Anna may by her will appoint."

There were similar provisions as to each of the other fourths for the other daughters and their heirs. The other half of the residue he disposed of as follows: " Fifteenth. I direct my said executors to divide the other half of all the said residue of my estate into four equal parts, and I give and bequeath one of said equal fourth parts to my said daughter Anna; one other of said equal fourth parts to my said daughter Susanna; one other of said equal fourth parts to my said daughter Josephine, and the remaining equal fourth part to my said daughter Ellen. Any moneys paid and advanced by me to either of my said daughters, and charged in my books of account as advanced against her share in my estate shall be deducted without interest from the sum bequeathed to such daughter in this section; and if either of my said daughters shall have died before me, leaving issue, such issue shall have the parent's share, but if either of my said daughters shall have so died without issue, her share of said residue under this section shall go to my heirs or next of kin."

The seventeenth clause of his will is as follows:

" SEVENTEENTH. I hereby authorize and empower my said

executors, the survivors and survivor of them for the purpose of carrying into effect this my will, and the trusts hereinbefore created, to sell, in their discretion, and on such terms as they may deem most advantageous any or all of my real estate at public or private sale, and to execute and deliver to the purchasers thereof all the necessary conveyances," etc.

He appointed his wife and his three sons-in-law, and his friend John Greenough, executors of his will and trustees of the trusts therein created. The executors and trustees were made defendants and it was alleged in the complaint that they were seized and possessed of two equal undivided fifth parts of the real estate sought to be divided. Francis C. Barlow was the only defendant who put in an answer. Upon the trial it appeared that at the time of the death of the testator Mr. and Mrs. Barlow had a daughter, Louisa Shaw Barlow, who was an infant, still living. Upon the trial, upon affidavits setting forth the facts, Barlow on his own behalf and on behalf of his wife and daughter, made a motion that his daughter be made a party defendant on the ground that she was a necessary party under section 1538 of the Code.

*Charles W. Wetmore* and *Francis C. Barlow* for appellants. The grandchildren of the testator were necessary parties to this action. (Code, §§ 1532, 1538; *Nellis* v. *Nellis*, 99 N. Y. 505, 516.) A power of appointment after or before a limitation to persons or classes of persons, does not divest the fee from such persons or put the fee in abeyance. (4 Kent [13th ed.] 205; *Cunningham* v. *Moody*, 1 Vesey, Sr. 174, 177; *Doe* v. *Martin*, 4 Term. R. 39, 45, 48, 64, 65, 67, 69, 70; *Doe* v. *Dowell*, 5 id. 518, 521; Williams on R. Prop. [6th ed.] 293; Cornish on Remainders [ed. 1827] 100; Sugden on Powers [3 Am. from 7th Eng. ed] 5; *Mead* v. *Mitchell*, 17 N. Y. 210, 211, 213; *Lockman* v. *Reilly*, 95 id. 70, 71.) The trustees did not sufficiently represent the grandchildren in the action. (*Mead* v. *Mitchell*, 17 N. Y. 210, 211, 214, 215; 5 Abb. 92; *Gifford* v *Hord*, 1 Sch. & Lef. 409; *Bodine* v. *Greenfield*, 7 Paige, 544, 548; *Ridgeley* v. *Johnson*, 11 Barb.

527, 535; *Brennan* v. *Wilson*, 71 N. Y. 507; *Wilder. v. Ramsey*, 95 id. 7, 12; *Hobart* v. *Bellis*, 86 id. 636, 637.) Courts of their own motion look after the rights and interests. of infants and protect them without either application or appeal by them. (*Braker* v. *Devereaux*, 8 Paige, 514.)

*Sidney F. Rawson* for respondent. No appeal can be taken from an order by a person not a party to the action, nor can an appeal be taken, as is here attempted, by a party in behalf of a person not a party. (Code, § 1294; *People* v. *Lynch*, 54 N. Y. 681; *Hobart* v. *Hobart*, 86 id. 636.) There is no ground for an appeal by defendant Barlow upon the record, and he is estopped as a party. (*Robert* v. *Corning*, 89 N. Y. 225; *Morse* v. *Morse*, 85 id. 53; Code, § 522; *Prentice* v. *Janssen*, 79 N. Y. 478; *Dunham* v. *Cudliffe*, 94 id. 129.) If there is a defect of parties, it not having been pleaded, is waived. (*Rockwell* v. *Decker* 33 Hun, 343.) The language of the will as to the residue involved a conversion. (*Asche* v. *Asche*, 18 Abb. [N. C.] 83.) The will converted the land into personal estate as between those entitled thereto. (*Hetzel* v. *Barber*, 69 N. Y. 1; *Prentice* v. *Janssen*, 79 id. 478; *Mott* v. *Ackerman*, 92 id. 540 *Rockwell* v. *Decker*, 33 Hun, 343; *Gallio* v. *Eagle*, 65 Barb. 585; *Bailey* v. *Bailey*, 28 Hun, 603; *Farrar* v. *Mc Cue*, 89 N. Y. 139; *Delaney* v. *McCormack*, 88 id. 174; *Crook* v. *Kings Co.*, 97 id. 421, 446, 447; *Bennett* v. *Garlock*, 79 id. 302.) There is here a valid trust during Mrs. Shaw's life, and for the life of Mrs. Barlow. Mrs. Barlow's children therefore take no present estate in the land. (*Delafield* v. *Shipman*, 103 N. Y. 463.)

EARL, J. We are of opinion that the motion was properly denied on the ground that Louisa Shaw Barlow was not a necessary or proper party to this action. It is undisputed that valid trusts were created as to the one-half of the residue of the testator's real and personal estate, which he gave to his executors and trustees; and that during the continuation of

the trusts, to wit, during the lives of the testator's widow and of the several daughters, the title to the several quarters of real estate involved in the trusts was vested in the trustees.    But the claim is made by Mr. Barlow that after the death of his wife his daughter might become entitled to the one-quarter of the real estate, and that therefore she should have been made a party.

We are of opinion that she never could take the real estate and that she had no title thereto or interest therein as realty, and that the whole title was vested in the executors and trustees.    Construing all the provisions of the will together we think there was an imperative direction to sell the real estate, and there was therefore an equitable conversion thereof into personalty, and as to the rights of Louisa Shaw Barlow the property is to be treated as personal property.

The residue of the testator's estate both real and personal is mingled together and one-half thereof is given to his executors upon the trusts mentioned,    The trustees are directed to receive "the rents, profits and income thereof," which implies that they were expected to hold the real estate as well as the personal for a time until in the exercise of their discretion they could convert the same, and during that time they were to lease the real estate and receive the rents thereof.    But after the death of each daughter the direction is that they should "pay over, transfer and deliver the principal of said one-fourth part together with any arrears of income to the heirs" of the daughter or to "such person or persons or to such uses" as the daughter might by her will appoint.    This language shows that the testator contemplated that at the death of each daughter the one-fourth part put in trust for her benefit during her life should exist in the form of personal estate. The language used "to pay over, transfer and deliver the principal" is not appropriate if applied to real estate, and is only appropriate as applicable to personal estate.    The principal together with any arrears of income was to be paid over, and it was supposed that the principal and income would both be of the same species of property, both personal.

The fifteenth clause shows that it was intended by the testator that the property given to his daughters should pass to them in the form of personal estate.  He says, "I give and bequeath," language strictly more applicable to personal than to real estate.  Then the money paid in advance by him to either of his daughters and charged in his books of account as advanced, was directed to be deducted without interest from the "sum bequeathed," and if it was real estate which the testator had in mind he would not have spoken of it as the "sum bequeathed."  While the language contained in the seventeenth clause giving the power of sale is not, standing alone, imperative, yet when read in connection with the other clauses of the will, it should be so construed, and the discretion conferred upon the executors should be held to be a discretion only in reference to the time, mode of sale and the terms of sale.  The sale was to be made for the purpose of carrying into effect all the provisions of the will, that is, for the purpose of making a division of the one-half among his daughters and for the purpose of the trusts, as to the other half, for the benefit of his wife and daughters and their heirs or appointees.

We, therefore, reach the conclusion, not without some hesitation and doubt, that by the terms of this will there was an equitable conversion of the real estate mentioned into personalty and that, therefore, Louisa Shaw Barlow was not a necessary or proper party defendant in this action.  While precedents are not very valuable in a case like this where the decision must be based upon the peculiar phraseology of the entire will, the case of *Morse* v. *Morse* (85 N. Y. 53), bears a strong analogy to this and may be cited as an authority for our conclusion.

The order should be affirmed, with costs.

All concur.

Order affirmed.