In the Matter of the Judicial Settlement of the Accounts of PHILIP F. WANGNER, as Executor and Trustee Under the Will of MAGDALENA SCHAUFFERT, Deceased.

*Testamentary conversion of realty into personalty, for the purpose of the will — the portion undisposed of passes as realty, to the heir.*

Where real estate has been converted into money in order to carry out the provisions of a will, and a part of the converted fund is undisposed of by the will, such portion goes to the testator's heir at law and not to the next of kin.

A testatrix, by her will, left all her property, real and personal, to her executor, in trust, in his discretion to sell or convey the same by proper conveyances or leases, to invest the proceeds and use the income and interest thereof, and also so much of the principal sum as he should deem necessary or proper, for the support of the testatrix's husband so long as he should live, and at his decease to pay over the residue to any child or children then living.

The testatrix left no child her surviving, and as to the remainder of her estate after the trust estate for the life of her husband she died intestate.

*Held,* on the final accounting of the executor on the termination of the trust estate by the death of the husband, that as to the balance of the estate remaining in his hands, assuming that the language of the will, while containing no absolute or imperative direction for a conversion, indicated an intent that the real estate should be converted into money, such conversion was clearly for the purposes of the will alone ;

That, on the death of the testatrix, her heir at law at once became vested with the remainder of the real estate undisposed of by the will, subject to the trust estate for the life of the husband, and such remainder to the extent it continued undisposed of retained its character of real estate and went to the heir at law on the death of the husband.

APPEAL by John Martin Daugs and Matilda Daugs, individually and as executors of Ernest Schauffert, deceased, from a final decree of the Surrogate's Court of Albany county, entered in the office of the surrogate of that county on the 20th day of April, 1893, on the judicial settlement of the accounts of Philip F. Wangner, as executor and trustee under the will of Magdalena Schauffert, deceased.

Magdalena Schauffert and Ernest Schauffert were married on or before January 12, 1876, the only issue of which marriage was one child, which died when less than one year of age, and before either of its parents. Magdalena Schauffert died on February ·13, 1887, at the village of West Troy, Albany county, N. Y., seized of certain real estate situate in the city of Troy, and village of

West Troy, N. Y., and left as her only heir at law and next of kin her father, John Daugs, living in Germany. She left a last will and testament, dated January 13, 1876, which was duly admitted to probate in the Surrogate's Court of the county of Albany, N. Y., on the 3d day of May, 1887, and letters testamentary thereupon were duly issued to Philip F. Wangner, as sole executor and trustee thereof.

By her will, Magdalena Schauffert devised and bequeathed her property as follows :

" In case my said husband, Ernest Schauffert, shall survive me, it is my will and I do hereby give and bequeath unto my friend, Philip F. Wangner of the city of Troy, aforesaid, all of my estate, real and personal, of every kind and description and wheresoever the same may be situated, in trust, nevertheless, to take the charge and possession of the same, and in his discretion sell and convey by proper conveyances, or lease, or otherwise dispose of the same, both real and personal, for such prices or sums and on such terms as he may deem best, and to invest the proceeds thereof in good, safe securities, on interest, and to apply and use the income and interest thereof, and also so much of the principal sum as shall be at any time in his keeping as he may deem necessary and proper to the maintenance and support of my said husband, Ernest Schauffert, so long as he shall live, and at his decease, to pay over to any child or children I may then have living, in equal shares, if there shall be more than one, all and the rest and residue of the estate my said trustee may then have in his custody or control belonging to my estate."

Ernest Schauffert, her husband, died at the village of West Troy, April 5, 1892, leaving a last will and testament, which was duly admitted to probate September 21, 1892, in the Surrogate's Court of Albany county, N. Y., and the appellants are executors and legatees therein.

The balance remaining of the estate in the hands of the said Wangner, as executor and trustee, was $3,290.37, which was claimed : *First*, by John Daugs, of Templeburgh, Pomerania, Prussia, the father of said Magdalena Schauffert, deceased. *Second*, by John Martin Daugs and Matilda Daugs, executors and legatees of Ernest Schauffert, deceased, husband of said Magdalena Schauffert, deceased.

This appeal was taken to review the decision of the surrogate upon the question as to who is entitled to the balance remaining of the estate of Magdalena Schauffert. The decree of the surrogate directed that said balance be paid to John Daugs, of Templeburgh, Pomerania, Prussia, the father of said deceased, as her heir, instead of to the appellants, John Martin Daugs and Matilda Daugs, as executors and legatees under the will of Ernest Schauffert, deceased, the husband of said Magdalena Schauffert, on the theory that Magdalena Schauffert, by her will, did not convert all her real estate into personalty, as she failed to dispose of the remainder of her estate, for the reason that she left no child, and that said Ernest Schauffert was not entitled to said remainder by virtue of the marital relation, and that as the real property was not equitably converted except so far as necessary to execute the provisions of the will, the remainder descended to the heir of the said Magdalena Schauffert.

*Henry J. Speck*, for the appellants.

*Mead & Hatt*, for respondent John Daugs.

*McClellan & Alberston*, for respondent P. F. Wangner.

PUTNAM, J. :

The testatrix in the will under consideration left all her property, real and personal, to her executor, Philip F. Wangner, in trust, to take charge and possession thereof, in his discretion to sell or convey the same by proper conveyances or leases, to invest the proceeds and use the income and interest thereof, and also so much of the principal sum as shall be at any time in his keeping as he shall deem necessary and proper for the support of her husband, Ernest Schauffert, so long as he shall live, and at his decease to pay over the residue to any child or children then living.

The testatrix left no child her surviving, and as to the remainder of her estate, after the trust estate for the life of her husband, she died intestate. Of the remainder, her heir at law, on her decease, at once became seized (*Matter of Tienken*, 131 N. Y. 391), unless, as claimed by appellants, there was an equitable conversion of such remainder immediately at her decease into personalty which vested in her husband.

It will be observed that the language of the will does not impera-

tively require the sale of the real estate. Whether there shall be a sale or not is left to the discretion of the executor. But it is urged by the appellants, and perhaps correctly, that the language and provisions of the will are such as to clearly show an intent on the part of the testatrix that all her estate should be converted into money, invested on interest and the income and interest applied to the support of her husband.

We will assume, in our consideration of the case, that a proper construction of the language used in the will indicates an intent of testatrix that her estate should be converted into money.

But it is held, and seems to be well settled, that where real estate has been converted into money to carry out the provisions of the will, and a part of the converted fund is undisposed of by the will, such portion goes to the heir at law, and not to the next of kin. (*Wood* v. *Keyes*, 8 Paige, 365.)

In *Parker* v. *Linden* (113 N. Y. 28–37) DANFORTH, J., uses this language: "The important question is whether the direction for conversion is, by the terms of the will, absolute and imperative, so as to be complete to all intents and purposes, or whether the conversion directed is for the purposes of the will only. If the latter, then if those purposes fail, or do not exhaust the proceeds, the property unapplied, whether the estate has been actually sold or not, will devolve according to its original character."

It requires no argument to demonstrate that in the case under consideration the conversion from real to personal property directed by the will — if the will shall be deemed to contain any such direction — is for the purposes of the will alone. As we have seen, there is no absolute or imperative direction requiring such a conversion. If required by the language and terms of the will it is because such conversion is impliedly required to carry out the directions contained therein, as to the disposal of the property of testatrix for the benefit of her husband during his life. The implied direction for a conversion was not for the purpose of a distribution of the estate among the next of kin. The will does not contain any language indicating an intent of the testatrix to convert the real into personal estate, except for the purpose of the will. Hence the case of *Parker et al.* v. *Linden* (*supra*) seems directly in point. (See, also, *Gourley* v. *Campbell et al.*, 66 N. Y. 169, 173, 174.)

In *Bogert* v. *Hertell* (4 Hill, 492–495) NELSON, Ch. J., uses the following language : " Now, I think the authorities demonstrate that where the devisor has directed or authorized the conversion of his real estate, even for a particular special purpose, such as distribution, courts are bound, so long as the purpose and object exist and continue, to regard it as of that species of property into which it was directed to be converted ; and, to the extent and for the purpose declared, it is to be treated as money, and not land. This will be found to be the uniform language of all the cases on the subject. If the purpose and object of the conversion fail altogether, or in part, then the whole estate, in the one case, and the part, in the other, is regarded as an estate or interest undisposed of by the will ; and as the devisor, in the event happening, has made no disposition of the estate, it takes the direction given to it by law, independently· of the will, and goes to the heir at law."

The case of *Roy* v. *Monroe* (47 N. J. Eq. 356–360), to which we are cited by the learned counsel for the respondents, is in harmony with the authority above referred to. In the opinion the following language is used, which we quote as containing a very clear and able statement of our views in reference to the case under consideration : " But the $10,000 stand in an entirely different situation. Though the land which this sum represents was changed, by a direction contained in the testator's will, from land to money, yet it has so·happened that his will does not, in the present situation of affairs, dispose of the money. The testator ordered the conversion for two purposes — first, that his son during his life might have the income arising from the money ; and second, that the principal on his son's death might go to his son's children. The first purpose has been fully accomplished. The second, however, has not been and never can be. The son died without issue. The $10,000 are, therefore, undisposed of. As to it the testator died intestate, that is, in the condition of affairs now existing, it must be declared that he had no will concerning it and made no testamentary disposition of it. And, consequently, nobody can claim it under his will. It thus appears that the main purpose of the conversion has failed. Where that is the case the principle which must govern the judgment of the court in disposing of the money is, as I understand the authorities, firmly and clearly established, and may be stated as

follows : The money must, for the purposes of succession, be regarded as possessing precisely the same heritable or transmissible quality or character which the property it represents had at the death of the testator, and it must be given to the heir if it represents land, and to the next of kin if it represents personalty." (See, also, *Read* v. *Williams*, 125 N. Y. 560–571.)

We conclude that under the doctrine established in the authorities above quoted the court below made the correct disposition of the case. It is quite clear that if, under the will in question, there is any equitable conversion whatever, it was intended by the testatrix for the purpose of the will only, and hence, as held in *Parker* v. *Linden* (*supra*), as these purposes do not exhaust the proceeds, the property unapplied descends to the heir at law.

The case of *Delafield* v. *Barlow* (107 N. Y. 535), cited and relied upon by the learned counsel for appellants, does not at all conflict with the views above expressed. In *Delafield* v. *Barlow* the court held, under a will in some regards similar to the one under consideration, though with some doubt and hesitation, that by the terms of the will in that case considered, there was an equitable conversion of the real estate into personalty. But in that case the property was all disposed of under the will. While there was an equitable conversion for the purposes of the will, all the property so converted was required to carry out its provisions. In other words, testator did not die intestate as to any of the converted property. Hence, the case was not like that of *Parker* v. *Linden* and the authorities above cited, and does not conflict with them. In the case under consideration, had the deceased left her surviving a child or children, assuming that there was an equitable conversion of the real estate into personalty for the purposes of the will, the estate being all disposed of by the will might be deemed all converted into personalty. As we have seen, under the will, as to the remainder of the estate after the life estate of Ernest Schauffert, deceased died intestate.

We, therefore, conclude that on the death of testatrix her heir at law at once becomes vested with the remainder of the real estate undisposed of by the will, subject to the trust estate for the life of the husband, and that such remainder, to the extent that it continued undisposed of, has retained and retains its character of real estate, and goes to John Daugs, the father and heir at law of testatrix.

We have examined the other authorities cited by the learned counsel for the appellants, but do not feel that they require discussion.

The decree of the surrogate should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Decree of surrogate affirmed, with costs.