ANN McDONALD, Appellant, *v.* BRYAN O'HARA, as Executor, Impeaded, Respondent.

(New York Superior Court — General Term, October, 1894.)

Where a will directs the executors to sell, the power of sale is mandatory.
Such power of sale cannot be extinguished except by an election of the beneficiaries to take the land in its unconverted state, in which election all the beneficiaries must join.
There can be no valid election where one of the beneficiaries is under age.
In the absence of such an election the executor cannot be enjoined from proceeding to carry out the provisions of the will on the ground that the time chosen by him is not the best to dispose of the property.

APPEAL from an order denying plaintiff's motion to continue an injunction restraining the defendant, as executor of the will of John T. McDonald, deceased, from selling certain real estate pursuant to the direction contained in said will.

The opinion filed below is as follows:

McAdam, J. The fourth clause of the will directs the executors to sell; the power is mandatory. *Delafield* v. *Barlow*, 107 N. Y. 535. While it is true that when the same person is exclusively entitled to a fund, whether in its unconverted or converted shape, such person being of full age and competent to act, he has the right to take it in its unconverted form (see Story's Eq. Juris. § 793, and cases cited in *Hetzel* v. *Barber*, 69 N. Y. 5; *Prentice* v. *Janssen*, 79 id. 478; *Greenland* v. *Waddell*, 116 id. 234; *Mellen* v. *Mellen*, 139 id. 210), the rule cannot be applied here because one of the beneficiaries is under age and incapable of making a legal election. Such an election without the concurrence of all the beneficiaries cannot extinguish the power of sale, for the divided will of part only does not reconvert the money into land so as to take it out of the operation of the specific purposes of the will, as declared by the testator, and make it vest as land. Indeed, the action is not on the theory that the money has been reconverted into land, but that the present is not the best time to dispose of the property. The time of sale, rather than the right of sale, is called in question. The power of sale fails only when by reason of a legal and irrevocable election it becomes extinguished. As the necessary concurrent act of election is wanting, the surviving executor cannot be enjoined from carrying out literally the provisions of the will, which are his dominating guide. The protests filed by the adults against a sale at the present time ought to have great weight with the executor, but they do not give rise to the equitable relief claimed. It follows that the motion to continue the injunction must be denied, with ten dollars costs to abide the event.

*James Kearney*, for appellant.

*Wm. J. Lacey* (*Wm. H. Regan*, of counsel), for respondent.

*Per Curiam.* The order appealed from is affirmed, with costs, upon the opinion filed by the learned judge below.

Present: Freedman and Gildersleeve, JJ.

Order affirmed, with costs.