EISNER v. CURIEL et al.

(Supreme Court, Appellate Division, First Department.    March 20, 1896.)

1. EFFECT OF DEVISE—EQUITABLE CONVERSION FOLLOWING LIFE ESTATE.

Where real estate was left by will to the use of two children of the testatrix jointly for life, then to be sold, and the proceeds divided among all her remaining children and the issue of those deceased, such provision effects an equitable conversion of the realty, deferred until the termination of the life estate, leaving the fee in the living children and the surviving children of those deceased, subject to the life estate and the execution of the power of sale.

2. PARTITION—PARTIES.

Under partition of such real estate, the children of the living children, having a contingent interest, not in the realty, but in the personalty resulting from the equitable conversion, are not necessary parties.

Appeal from special term.

Action by Mark H. Eisner against Mary E. Curiel and others. From an interlocutory judgment overruling a demurrer to one defense pleaded, plaintiff appeals.    Reversed.

The action is for partition, and affects the premises No. 322 East Fourteenth street, in the city of New York. The complaint alleges that the premises were formerly owned by Eliza Eisner, the mother of the plaintiff and the defendant Mary E. Curiel; that, by her last will and testament, they were devised to the plaintiff and the said defendant during their joint lives and the lifetime of the survivor; that, upon the death of the survivor, the premises were directed to be sold, and the proceeds paid over, one-eighth part to each of six named children of the testatrix, other than the plaintiff and the defendant Mary E. Curiel, one-eighth part to the lawful issue of the plaintiff, and one-eighth part to the lawful issue of the defendant Mary E. Curiel; and that, in case of the death of any of said children before the time specified, their issue were to take collectively the share of the parent. Louis A. Eisner, one of the six children above mentioned, predeceased the testatrix, leaving two sons. These two grandchildren and the five surviving children were made parties defendant, but children of the said five surviving sons and daughters of the testatrix, and also of the defendant Mary E. Curiel, were not made parties. The second defense in the answer of the defendant Mary E. Curiel alleges a defect of parties on account of this failure. Other facts are stated in the opinion.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

George W. Carr, for appellant.

Wright Holcomb, for respondent.

BARRETT, J.    If this is to be treated as an action solely for the partition of the life estates, the plaintiff has undoubtedly brought

in all the parties required by the statute.    Upon a careful consideration of the complaint, we think his action should be thus treated. The averments and the prayer are confined to these life estates. There is no allegation upon which partition and sale generally can be decreed.    The question whether an action will lie for the partition of the life estates apart from an action for the partition and sale of the fee is not before us upon a demurrer to the defendant's plea.    It cannot, therefore, be considered.    Viewing the action as the appellant does, namely, as an action strictly for the partition of the life estates, and without intimating that he can sustain such an action, we think the demurrer to the plea was well taken. There is certainly no defect of parties with regard to such an action.

If, however, the action should be treated more broadly, as the respondent insists that it may be treated, the result is the same. There was no devise of the fee after the termination of the life estates.    Consequently, the fee is now vested in the living children of Eliza Eisner and in the children of the deceased son.    It is so vested subject to the life estates, and subject to the execution of the power of sale given to Mrs. Eisner's executors.    This power is a general power in trust, and is imperative.    It effects an equitable conversion of the estate immediately upon the termination of the second life estate.    Delafield v. Barlow, 107 N. Y. 535, 14 N. E. 498.    This power will not die with the executors.    It will survive, and vest in the supreme court, which has full power to direct its execution by some person appointed for that purpose.    Delaney v. McCormack, 88 N. Y. 174.    It follows that the children of Mrs. Eisner's living children were not necessary parties in any aspect of the case.    Their contingent interest is not in the realty, but in the personalty resulting from the equitable conversion.    It is this personalty, and this alone, which is bequeathed by the imperative direction to sell the realty and divide the proceeds,    This conclusion is not affected by the fact that the conversion is deferred until the termination of the life estates.    Even the fee vested in the parents is nominal.    Under no circumstances can Mrs. Eisner's heirs take any substantial interest in the realty.    Even if they should collect the rents and profits intermediate the termination of the life estates and the sale under the power, they would be compelled to account therefor to the executor.    Lent v. Howard, 89 N. Y. 169.    In equity, these intermediate rents go with, and are deemed part of, the converted fund.    It is quite clear, therefore, that the children of Mrs. Eisner's living children were neither necessary nor proper parties to this action, and that the demurrer to the plea of nonjoinder should have been sustained.

The judgment should be reversed, and the demurrer sustained, with costs in this court and the court below, with leave to the defendants to amend their answer upon payment of such costs in this court and in the court below.    All concur.