(20 Misc. Rep. 245.)

EISNER v. CURIEL et al.

(Supreme Court, Special Term, New York County.    May, 1897.)

1. PARTITION—WHEN GRANTED.
    A joint life estate in a dwelling house will be partitioned where, by reason of mutual differences between the joint tenants, they cannot occupy it peacefully, nor agree as to their respective rights.
2. SAME—PERSONALTY.
    A joint life use of personalty may be partitioned.
3. SAME—ACTUAL PARTITION.
    Where a joint life estate is created by a will evincing testator's wish that the use of the premises should be personal to the devisees, and a sale for partition would be disadvantageous, because of the uncertain duration of the estate, actual partition of the use should be made.
4. SAME—OWELTY.
    On making actual partition of the use of premises, one party may be given the larger use and compensation awarded the other.
5. SAME—SERVITUDE.
    A portion of the premises may be assigned to one party subject to a servitude in favor of the other.
6. SAME—COMMISSIONERS' REPORT—EXPENDITURES.
    Commissioners to determine basis of actual partition may also report the expenditures of the parties for taxes, permanent repairs, etc.
7. SAME—SALE.
    They may also report whether a sale of any part of the premises is necessary to an equal apportionment.

Action by Mark H. Eisner against Mary E. Curiel and others for partition.    Judgment for plaintiff.

George W. Carr, for plaintiff.
Stern & Rushmore, for defendant Mary E. Curiel.

RUSSELL, J.    The plaintiff seeks a partition and sale of life interests in the house 322 East Fourteenth street, New York City, and certain personalty. The controversy is between the plaintiff and the defendant Mary E. Curiel, who is his sister. Their mother, Eliza Eisner, died June 3, 1885, leaving a will, by which she devised to the brother and sister the dwelling house during their joint lives and the lifetime of the survivor, and upon their deaths directed her executors to sell the same, and divide the proceeds among their issue and her remaining children, six in number, one of whom died before

her decease, leaving two children. She bequeathed to the brother and sister also her household furniture, wearing apparel, pictures, jewelry, etc., during their joint lives and the lifetime of the survivor, and after their death to her remaining children and their issue. The brother and sister occupied the house and personalty for seven years after the mother's death, in substantial concord, though the defendant Mary E. Curiel had married, the plaintiff occupying a small part of the house, and boarding with his sister. Differences between the plaintiff and his sister's husband arising, it became unpleasant for him to remain in their household, and, accordingly, he vacated the premises and property, and begun fruitless negotiations for an adjustment of their respective rights, a rental of the property to bring an income to both, or some other satisfactory settlement. The parties could not agree, and it is unnecessary here to distinctively pronounce either to be in the wrong for failure of such agreement, although it is plain that the daughter has had the more substantial benefit by far from the dwelling and personalty. It is also plain that the plaintiff has been compelled, in order to protect the property, to pay taxes and water rents, of which the daughter did not pay her share. She claims to have made some improvements for repairs, the extent of which was not proven upon the trial. It is manifest, therefore, that both parties cannot be continued in the full enjoyment of their rights in any satisfactory way without the intervention of the court, to which the plaintiff has appealed.

There is no difficulty in the court's entertaining an equitable action for the partition of a joint life estate, or even for years, in realty, or even of a vested remainder or reversion. Code Civ. Proc. §§ 1532, 1533; Jenkins v. Fahey, 73 N. Y. 355. There is also no difficulty in partitioning personalty. Shehan v. Mahar, 17 Hun, 129; Andrews v. Betts, 8 Hun, 322; Prentice v. Janssen, 14 Hun, 548. By the decision of the appellate division upon a demurrer in this case, there is no defect of parties, although the grandchildren of the testatrix, representing a deceased son, are not parties to the litigation. Eisner v. Curiel, 2 App. Div. 522, 37 N. Y. Supp. 1119. It is conceded by the parties litigating here that no judgment can be rendered which will disturb the rights of the others interested in the estate of the testatrix, and that this judgment affects only the life tenure of the brother and sister who here litigate. The court has undoubted power, in case of great prejudice to the interests of the owners, to direct a sale of the title of the parties brought within reach of the power of the court; and it is plain that such a judgment should be awarded here if that interest were a fee simple absolute, so that the full value of the property could be obtained upon a sale. But, in my judgment, greater prejudice would arise to the interests of the parties by a direction for a sale of joint interests for two lives, from the uncertainty of the tenure of the purchaser; and I think such a direction would be antagonistic to the wish of the mother, who evidently designed to give to these two a home for their lives and the use of her personal belongings and furniture, so that, independently of other provisions made for them and their brothers and sisters, such use might be continued for the purposes of a home for them,

without any sale of the property until both should have passed away. That design of the mother for their future comfort, in the testamentary clauses which give to them the property in dispute, may be recognized and conformed to by actual partition of the use.

Compensation may be awarded by the commissioners, if the circumstances require it, for inequality of future use, to be paid by the party·enjoying the larger advantage, and they may also report whether a sale of any of the property is necessary to perfect such equality, which sale the court may hereafter order.    Post v. Post, 65 Barb. 192.    I think they may also report, without the expense of a reference for that purpose, the sums paid by the parties respectively heretofore for water rates, taxes, or permanent repairs.    They may assign a portion of the premises to one, subject to a servitude or easement in favor of the other.    Smith v. Smith, 10 Paige, 470.

Judgment is therefore directed awarding an actual partition of the property, real and personal, for the lives of the plaintiff and the defendant Mary E. Curiel, and the survivor, with powers given to the commissioners as herein indicated.    The plaintiff should have costs, but necessarily they cannot be adjudged until the expense of the commission has been ascertained.    The costs can then be inserted in the final judgment.    Ordered accordingly.