(34 Misc. Rep. 414.)

### WRIGHT v. MERCEIN et al.

(Supreme Court, Special Term, New York County. April, 1901.)

1. WILLS—CONSTRUCTION—EXPRESS TRUST.

Testatrix bequeathed to her only son all her property, real and personal, for life, with directions as to its investment and the payment to him of the income. The will also provided that if he left lawful issue the whole property should be divided between them when the youngest child reached 30 years of age, until which time the income should be used for their benefit. It further provided that if the son died without lawful issue the wife should have one-half the income while she remained his widow. Certain disposition was also made of the property in the event of his leaving neither lawful issue nor wife. The residuary estate was given to a town in a foreign state for the purpose of a library. The executors were made trustees, with power to manage and pay over the income; but

the will contained no devise to them in terms. *Held* to create an express trust in the executors to pay over the income to the son for life.

2. SAME—VESTED REMAINDERS.
     If the son should marry, his children would take vested remainders, which would be postponed as to the principal until the youngest child reached the age of 30 years.

3. SAME—BENEFICIARIES.
     Where a will devises certain property to the "lawful issue" of a son of testatrix, the term includes his children only, and not their children.

4. SAME—VALIDITY OF BEQUEST.
     The provision for the possible widow of the son was void, as measured by a life not necessarily in existence at the time of the death of the testatrix.

5. SAME—EQUITABLE CONVERSION.
     Where a will provided that the estate should be kept invested and reinvested in personal property, with specific directions as to the form of the investments, and it was plain that every beneficiary was to take in money, it constituted an equitable conversion of the whole estate into money.

Action by Frank H. Wright against Thomas Randolph Mercein and others to construe a will. Judgment rendered.

Stickney, Spencer & Ordway (Albert Stickney, of counsel), for plaintiff.

Charles H. Fuller, for defendant Mercein.

M. E. Kelley, for defendant town of Sheffield.

LEVENTRITT, J.　The will and codicil before me for construction were made and executed by the testatrix in Sheffield, Mass., of which place she was a resident. The property disposed consisted of realty and personalty situated in the state of Massachusetts, and of realty situated in this state. The questions for construction arise out of the following clauses of the instruments:

"Second. I give and bequeath to my only child, T. Randolph Mercein, all my property, real and personal, for his use and behoof during the term of his natural life; the principal to be kept always invested in first bond and mortgage on good real estate, or in government bonds or first-class railroad bonds, * * * and the income of said investments to be paid semiyearly or quarterly or monthly, as can be best arranged for the comfort and convenience of my son." "Sixth. Should my son, T. Randolph Mercein, leave lawful issue at the time of his death, I request that the property, both real and personal, be divided equally between such issue, share and share alike, when the youngest child shall have reached the age of thirty years, and the income of said property is to be equally divided between such issue and used for their support until such age shall be reached. Seventh. Should my son die without leaving lawful issue, but should leave a wife, then one-half of the income is to be paid to said wife so long as she remains the widow of my son. The other half is to be added to the principal, to be used as hereinafter named in this will. Eighth. Should my son die without leaving lawful issue or wife, then I direct my property to be disposed of as follows:"

After a number of specific legacies and bequests and directions, the residuary estate is disposed of in the fifteenth clause, beginning:

"After these bequests, all that remains of the property is to be given to the town of Sheffield, as follows."

It is unnecessary to quote this provision, as the codicil revokes that gift, substituting in its place:

"The balance of the property is to be given to the town of Sheffield, to erect a substantial building for the town library; and, if any money is left after completing the building, it is to be securely invested, and the income used to keep the building in order and purchase books."

The complaint asks for a decree on questions which are conveniently summed up thus:

"(1) Whether or not the entire estate was given to the trustee upon a trust to receive the rents, income, and profits thereof during the life of Thomas Randolph Mercein, the testatrix's son, and pay the same over to him, with a power of sale in the trustee; (2) whether or not the provision for the issue of the son is valid; (3) whether or not the provision for the widow of the son is valid; and (4) whether or not the town of Sheffield is entitled to take the entire residue of testatrix's property, so that at the death of her son, Thomas Randolph, all of the estate not otherwise validly disposed of will pass to the town, as the residuary legatee and devisee."

It is conceded that Thomas Randolph Mercein, the son, at the death of his mother, the testatrix, was 46 years of age, and had never married, and that the town of Sheffield at the death of the testatrix had no public-library building.

As to the first question there can be no argument. Nor is it disputed by the parties that the will creates an express trust, vesting the entire estate in the trustees, with a power to sell. It requires no specific use of the word "trustees," nor a specific devise of the property to them. The purposes of the trust are sufficiently declared to validate it under the statute. Morse v. Morse, 85 N. Y. 53, 60; Perry, Trusts, § 112. The testatrix's main scheme is entirely clear. It is to provide in the first instance, and at the expense of all else, for the comfortable maintenance of her son during his life. He is to have the income of the entire property, and, if necessary, encroachments to any extent may be made upon the principal.

The second question presents the first, as to which there can be difference of opinion. The validity of the sixth clause of the will depends on the meaning to be given the word "issue." If that includes grandchildren, the limitation over is void, but the intent of the testatrix, as derived from the language of the clause, and the extrinsic circumstances, favor the construction argued by the plaintiff, —all the more so as by construing "issue" as children of Thomas Randolph Mercein, only, the limitation is validated. " 'Issue,' in its general sense, in the absence of any indication of intention to the contrary, includes in its meaning descendants generally. But when it is apparent from the extrinsic circumstances, proper to be considered, or the provisions of the will, that the testator intended children, its meaning will be so limited." Chwatal v. Schreiner, 148 N. Y. 683, 688, 43 N. E. 166; Soper v. Brown, 136 N. Y. 244, 32 N. E. 768; Palmer v. Horn, 84 N. Y. 516, 519; 17 Am. & Eng. Enc. Law, 545. It seems quite clear to me that the testatrix intended to provide for the children of her son (that is, her own grandchildren), and that her great-grandchildren were not contemplated as possible beneficiaries of her bounty. At the time of the execution of the codicil the son was 43 years of age; at the time of the testatrix's death he was 46; up to that date he had not married; and the issue, therefore, which the testatrix therein contemplated, would seem reason-

ably not to extend beyond his children. In fact, the direction to distribute "when the youngest child shall have reached the age of thirty years" establishes her intent quite conclusively. There were no children of Thomas Randolph Mercein when his mother died. Consequently those surviving him, if he has any at the time of his death, take vested remainders, with the time of enjoyment of the principal postponed until the youngest shall have arrived at the age of 30 years. If there were any doubt as to the vesting of the estates, it is removed by the intermediate application of income,—a circumstance "invariably given great weight, as denoting an intention to vest the remainder from the time at which the income begins to accrue." Vanderpoel v. Loew, 112 N. Y. 167, 181, 19 N. E. 481; Warner v. Durant, 76 N. Y. 133.

The third question for construction presents no difficulty. The parties are agreed that that trust is void. It is created in favor of a possible widow who may be yet unborn. The term is thus measured by a possible life not in existence at the time of the testatrix's death, and is therefore in conflict with the statutes. Purdy v. Hayt, 92 N. Y. 446, 456; Schettler v. Smith, 41 N. Y. 330.

The last question concerns the validity of the residuary clause in favor of the town of Sheffield. It is admitted that the town is a foreign municipal corporation authorized to receive gifts of real and personal property by will for the purpose of establishing and maintaining a public library, and also that the town is not provided with a suitable building for a library. I deem it unnecessary to consider the question whether the laws of this state prohibit a foreign municipal corporation from securing the benefit of the gift in the event that it is a devise of lands, as I am satisfied that the will effects an equitable conversion prior to the time that the town is to take. That being so, the testatrix having been a resident of Sheffield, the laws of Massachusetts must determine the disposition of the personal estate. Cross v. Trust Co., 131 N. Y. 330, 30 N. E. 125, 15 L. R. A. 606. It remains to state my reason for holding the gift to the town one of personalty. The lengthy will and codicil are inexpertly drawn, and are probably holographic. Not much importance is, therefore, to be attached to the failure to use anywhere the word "devise," and to the fact that terms appropriate to the transfer of personalty are exclusively employed. But the will nowhere contains, even in effect, any devise of realty. A cursory and a careful reading of the will show a blending of the real and personal estate in order to create a fund to realize income, and a bequest of the income and the fund as money. 7 Am. & Eng. Enc. Law, 466. The last paragraph of the will designates the executors "also trustees to hold, manage, invest, and reinvest, and keep invested, the property and estate; * * * and they are to pay over the net income, interests, rents, and profits thereof as I have directed." The primary purpose is to provide a sufficient maintenance for the son. The provisions of the will are broad enough to permit every bit of the corpus of the estate to be paid over to the son as money, to meet his wants as they arise. Only what is left on her son's death is to go to the town of Sheffield, and then only after a

number of money bequests are satisfied. And it is to go to the town as money, not land. The two provisions of the will and codicil make that perfectly manifest. Clause 15 of the will reads:

"After these bequests, all that remains of the property is to be given to the town of Sheffield, to be used as follows: A good house, with sufficient ground for garden, walks, etc., is to be purchased in or near the village as a permanent home for the town's poor. The balance of the fund to be invested in first-class securities."

The town is given entire control "of the fund." The codicil, revoking the provisions for the town's poor, disposes of part of the property to be devoted to them in the first instance by making several additional money bequests, and then proceeds as already set out, adding that:

"If the town is already supplied with a suitable building, then one-half the money is to be given to the town for the purchase of books yearly (from the interest), and the remainder to the M. E. Conference (N. Y.) to be applied as directed in my will."

It does not admit of doubt, under these several provisions, that the town was to receive money, and not land. The testatrix must be deemed to have regarded her whole estate as money. In fact, the very clauses of will and codicil invoked to disprove the idea of equitable conversion fortify it. Thus the eleventh clause of the will declares that a piece of New York realty, "which brings a good rent, can be kept as a permanent investment." And the first clause of the codicil provides:

"If it should seem best to sell the N. Y. City property, 35 Forsyth street, it can be sold and the money invested as soon as possible as directed; also the real estate in Sheffield. unless my son prefers to have it kept until better prices prevail."

The original provision in the will that the parcel "can be kept as a permanent investment" bespeaks a fundamental intention that it shall be converted into personalty for the purposes of investment in the securities directed, unless the executors deem it advisable to hold it. In other words, the testatrix,. in the ordinary course of events, intended that it should be sold. The provision in the codicil must be read in connection with that of the will. That referring to the Sheffield real estate clearly directs a sale in the first instance unless it shall be decided to hold it temporarily, but converts the property in any event when better prices shall prevail. Considering these provisions, the primary intent underlying the will together with the further facts that there is special direction to keep the estate invested and reinvested in personal property (first class bonds and mortgages, government bonds, and railway securities); that the executors and trustees are to pay to the son during his life all the income, and all the principal in certain contingencies; that there is specific direction as to the form of investment; that there is the specific direction to divide all the property, real and personal, into equal shares in the event of there being surviving children,—it seems plain that every beneficiary was to take in money, and that the testatrix treated her estate as personalty. Salisbury v. Slade, 160 N. Y. 278, 54 N. E. 741; Fraser v. Trustees, 124 N. Y. 479, 26 N. E.

1034; Rhodes v. Caswell, 41 App. Div. 229, 58 N. Y. Supp. 470; Delafield v. Barlow, 107 N. Y. 535, 14 N. E. 498. My conclusion, therefore, is as follows: The will creates a valid, express trust in the trustees named, to pay over the income to the son during his life, with a vested remainder over to his surviving children, a void provision for his possible widow, and a valid residuary bequest to the town of Sheffield.

Ordered accordingly.