CHING CHIANG et al., Appellants, v AILI CHANG, Respondent.

First Department, June 9, 1988

### APPEARANCES OF COUNSEL

*Lanny E. Walter* of counsel *(Mark S. Mishler* with him on the brief; *Walter, Thayer & Long,* attorneys), for appellants.

No appearance on behalf of respondent.

### OPINION OF THE COURT

CARRO, J.

This is an action for judicial partition of a cooperative apartment and raises the novel question of whether such a partition is one of real property or personal property and whether this action may be maintained pursuant to RPAPL article 9.

The subject apartment is the sixth-floor apartment of 519 Broadway, New York, New York, a cooperatively owned apartment building. Plaintiffs Blomback and Chiang, husband and wife, and defendant Chang own, as tenants in common, 16 shares of 515 Broadway Corporation, which shares are allocated to the sixth-floor apartment. The parties do not dispute, and the stock certificate confirms, that defendant Chang owns a one-half interest in the shares and the other half interest is owned by Chiang and Blomback as joint tenants. Ownership of the shares entitles the owners to a proprietary lease, granting them a leasehold interest in the subject apartment for the period of time from November 1, 1979 to December 31, 2025.

As a result of differences which have arisen between the plaintiffs and the defendant, plaintiffs commenced this action seeking partition of the apartment or, alternatively, sale of the "property", should partition be unfeasible, and a division of the proceeds between the parties according to their respective rights and interests. By notice of motion dated February 12, 1987, plaintiffs sought summary judgment declaring that they have equal right and title with defendant Chang to the subject property or referring the action to a Referee to take proof and make findings, *inter alia,* on the parties' respective rights and interests to the property and on whether the property may feasibly and legally be partitioned or must be sold as an entire unit. Defendant Chang opposed the motion, contending primarily that a cooperative apartment may not

be partitioned under RPAPL article 9. The IAS court denied the motion for summary judgment and, upon searching the record, dismissed the complaint. The court concluded that only real property could be partitioned, and shares to a cooperative apartment, being personal property, could not be partitioned.

Partition is "the act or proceeding by which co-owners of property cause it to be divided into as many shares as there are owners, according to their interests therein, or if that cannot be equitably done, to be sold for the best obtainable price and the proceeds distributed according to the respective interests." (24 NY Jur 2d, Cotenancy and Partition, § 116, at 376.) It is an action between tenants in common or joint tenants* and may be effected voluntarily by mutual consent of the parties or by judicial order upon the application of one or more co-owners.

Specific statutes governing the judicial partition of estates in real property have existed in this country since the time of the colonial governments. Indeed, so ancient is the history of judicial partitions, and so favored are partitions that it is now beyond contention that, independent of any statute, a court of equity has the inherent power to issue a decree of partition or require the sale of jointly owned property. *(Hewlett v Wood,* 62 NY 75, 76; *Croghan v Livingston,* 17 NY 218, 220; *Mead v Mitchell,* 5 Abb Prac 92, *affd* 17 NY 210; *Baldwin v Baldwin,* 74 Hun 415, 417-418.)

It is also a generally held view that absent an express agreement to the contrary, a testamentary restriction against partition, or extreme prejudice to a co-owner, a partition is a matter of right of a co-owner who no longer desires to hold or use the property in common. *(Chew v Sheldon,* 214 NY 344, 348-349; *but see, Barol v Barol,* 95 AD2d 942, 943; *Ripp v Ripp,* 38 AD2d 65, 68-69, *affd* 32 NY2d 755 [partition of real property following a divorce decree is subject to a consideration of the equities between the parties].)

Contrary to the mistaken belief of the IAS court, actions for partition are not limited to real property any more than ownership as joint tenants or tenants in common is limited to

---

* A tenancy in common exists when two or more persons each own and possess an undivided interest in property, real or personal. *(Tarbox v Hulett,* 272 App Div 633, 635.) Joint tenants also own and possess an undivided interest in property, real or personal, but have the additional advantage of a right of survivorship. *(Matter of McKelway,* 221 NY 15, 19.)

real property. Actions for partition of estates in real property may perhaps be more common, and in New York are specifically governed by RPAPL article 9, but the right to seek partition of personalty in an action in equity is uncontrovertedly established in New York. *(Loker v Edmans,* 204 App Div 223, 227-228 [savings account]; *Shehan v Mahar,* 17 Hun 129, 130 [a horse]; *Andrews v Betts,* 8 Hun 322, 325 [sea vessel]; *Cart v Cart,* 176 Misc 457, 459 [bank account]; *Rush v Rush,* 144 Misc 489, 491-492 [investments].)

Neither is it the case that a partition or sale of real property pursuant to RPAPL article 9 is restricted to co-owners who hold title in fee simple. An action for partition under article 9 may be commenced by "[a] person holding and in possession of real property as joint tenant or tenant in common, in which he has an estate of inheritance, or for life, *or for years"* (RPAPL 901 [1] [emphasis added]). Accordingly, an action for partition or sale of a leasehold estate is specifically within the purview of this statute. *(See, e.g., George v Bridbord,* 113 AD2d 869, 870-871; *Deeb v Goryeb,* 258 App Div 93, 94.) So flexible are the equitable principles which guide all actions for partition, even those governed by statute *(Grody v Silverman,* 222 App Div 526, 529-530), that in the interests of equity co-owners may even seek partition of both realty and personalty in one action. *(Eisner v Curiel,* 20 Misc 245, 246; *Haight v Haight,* 7 Hun 87.)

What makes the partition of the joint ownership interests in a cooperative apartment unique is its susceptibility of treatment as a partition of both realty and personalty. As the Court of Appeals noted in *Matter of State Tax Commn. v Shor* (43 NY2d 151, 154): "The ownership interest of a tenant-shareholder in a co-operative apartment is *sui generis.* It reflects only an ownership of a proprietary lease, and therefore arguably an interest in a chattel real, conditional however upon his shareholder interest in the co-operative corporation, an interest always treated as personal property. The leasehold and the shareholding are inseparable. For some special purposes, the real property aspect may predominate (see *Grenader v Spitz,* 573 F2d 612, 617-620, *cert den* 429 US 1009; cf. *United Housing Foundation v Forman,* 421 US 837, esp 854-860, reh den 423 US 884)."

This unique dualism of personalty and realty interests has engendered numerous legal complexities in determining which property interest shall predominate in different types of actions involving cooperative apartments. Eschewing any rigid

characterization of a cooperative apartment as either realty or personalty, even for purposes of uniformity, the Court of Appeals in *Shor*, though noting that the stock certificate and proprietary lease are "inseparably joined" and cannot really "be viewed or valued in isolation from the other", nevertheless concluded that a determination of which property interest on a given issue dominates will depend on such factors as the manner or conduct of economic affairs at issue, the perceptions and expectations that members of society have in conducting their affairs (citing Cardozo, Nature of the Judicial Process, at 60-64) and the interests being advanced by any statutes applicable or relevant to the subject matter before the court. *(Matter of State Tax Commn. v Shor, supra,* at 157.)

In *Shor* the court determined that as far as statutory priorities of judgment creditors was concerned, the property interest of a judgment debtor in his cooperative apartment "fit better, legally and pragmatically, although with imperfect linguistic formulation, into the statutory framework governing personal property" *(supra,* 43 NY2d, at 154). The personal property interest of a cooperative apartment also assumed priority in the context of determining that UCC 2-713 was applicable in measuring damages for breach of a contract of sale of the shares to a cooperative apartment. *(Weiss v Karch,* 62 NY2d 849, 850.) However, the sale or conveyance of an interest in a cooperative apartment has been held to be a contract for the sale or conveyance of real property, thereby requiring a writing pursuant to the Statute of Frauds (General Obligations Law § 5-703; *Moloney v Weingarten,* 118 AD2d 836, 837, *lv denied* 69 NY2d 608). Similarly, the United States Supreme Court has ruled that the sale of stock of an apartment house cooperative corporation does not constitute the sale of a "security" for purposes of the Securities Act of 1933 and the Securities Exchange Act of 1934 and should be treated instead as the sale of an interest in realty. *(United Hous. Found. v Forman,* 421 US 837, esp 854-860, *reh denied* 423 US 884; *Grenader v Spitz,* 537 F2d 612, esp 617-620, *cert denied* 429 US 1009.)

For our purposes, whether we deem the controlling aspect of a partition or sale of a cooperative apartment as the partition or sale of realty or of personalty, that determination will not hinder the power of the Supreme Court to issue a decree of partition or sale, since the court has jurisdiction under RPAPL article 9 to order the partition or sale of a leasehold estate and has jurisdiction in equity to issue a

decree of partition or sale of the stock. *(See,* discussion *ante.)* The relevance of this discussion, then, is to clarify whether the action may be brought pursuant to RPAPL article 9 and to provide uniformity of procedure.

Of major significance is the fact that a statutory procedure already exists in the RPAPL specifically governing the partition of leasehold estates. This comprehensive statutory framework should not be disregarded merely because the sale of stock will be an ancillary aspect of this action. Governed as it is by equitable principles, this statutory framework is flexible enough to accommodate this dual sale of personalty and realty interests. *(Cf., Eisner v Curiel, supra; Haight v Haight, supra.)* The advantage of uniformity of procedure additionally favors the commencement of these actions under the RPAPL.

Moreover, in reflecting on the expectations that co-owners of a cooperative apartment have with respect to their property interest and the personal conflicts which trigger an action for partition, common sense tells us that the differences arising between co-owners that would compel one owner to seek to alienate his property interest could have little, if anything, to do with their ownership of stock. Those differences will, in all likelihood, involve conflicts concerning such issues as use and occupancy of the apartment, disagreements as to each owner's respective financial obligations regarding the apartment, or disagreements as to entitlement to income tax deductions for payment of real property taxes or mortgage interest. Simply put, judicial intervention is sought because there has been a breakdown in the relationship between the co-owners impinging on their ability to enjoy peacefully their occupancy rights to the apartment, making the focus of the action for partition, quite naturally, the apartment, not the stock. There is absolutely no reason, then, not to have this action governed by RPAPL article 9.

■ One final point is that summary judgment should have been granted declaring that plaintiffs and defendant Chang have equal rights and interests in the 16 shares and the proprietary lease. From the shareholders' certificate, the pleadings and the parties' answers to interrogatories, there is no disputing that defendant Chang owns a one-half interest in the shares allocated to this apartment as a tenant in common with Chiang and Blomback, who together own the other half interest as joint tenants.

Accordingly, the order of the Supreme Court, New York

County (William P. McCooe, J.), entered May 28, 1987, which denied plaintiffs' motion for summary judgment and dismissed their complaint, should be reversed, on the law, without costs, summary judgment granted declaring that plaintiffs have equal rights and title with defendant Chang to the shares of stock allocated to their cooperative apartment and to the proprietary lease, and the matter remanded to a Referee for further proceedings consistent herewith pursuant to RPAPL article 9.

MURPHY, P. J., Ross, ASCH and MILONAS, JJ., concur.

Order, Supreme Court, New York County, entered on May 28, 1987, unanimously reversed, on the law, without costs and without disbursements, summary judgment granted declaring that plaintiffs have equal rights and title with defendant Chang to the shares of stock allocated to their cooperative apartment, and to the proprietary lease, and the matter remanded to a Referee for further proceedings consistent with this court's opinion herewith pursuant to RPAPL article 9.