(December 31, 1990)

■ ERNEST AUGUSTUS, JR., Appellant, v LATCHU MAHADEO, Respondent.—In an action for partition of certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Williams, J.), dated June 16, 1988, which denied his motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

On February 23, 1983, the plaintiff Ernest Augustus, Jr., and his brother-in-law Latchu Mahadeo acquired title to a multiple dwelling in Brooklyn as tenants in common. Five years later, the plaintiff commenced this action for partition of the subject premises, alleging that his relationship with the

defendant Mahadeo had deteriorated to the point where they no longer spoke to each other, and that the defendant had abandoned the management of the premises to the plaintiff.

The plaintiff subsequently moved for summary judgment, contending that the parties could neither cooperate in the management of the premises, nor agree upon proposals to buy out each other's interest or sell to a third party. In opposition to the motion for summary judgment, the defendant countered by alleging that the parties had orally agreed to treat the plaintiff's contributions towards the purchase price of the premises as a loan, and that the plaintiff's name had simply been placed upon the deed to reflect a security interest in the premises. This contention was refuted by the affidavit of the attorney who represented both parties when they originally took title that "I have never permitted a client to hold title as a security interest." The Supreme Court denied the plaintiff's motion for summary judgment without explanation. We reverse.

When the moving party has demonstrated an entitlement to summary judgment, the party opposing the motion must demonstrate, by admissible evidence, the existence of a factual issue requiring a trial of the action, or tender an acceptable excuse for his failure to do so (see, Zuckerman v City of New York, 49 NY2d 557). At bar, however, the defendant has failed to controvert the plaintiff's allegation that the parties are unable to cooperate with each other in the management of their property. Since the defendant has failed to submit any evidentiary proof which raises a triable issue of fact as to the plaintiff's right to partition, the plaintiff's motion for summary judgment should be granted (see, Mason v Mason, 154 AD2d 515).

Accordingly, the action is remitted to the Supreme Court, Kings County, for a determination of the right, share, or interest of each party in the premises pursuant to RPAPL 915. Since this action is both statutory and equitable in nature, an accounting of the income and expenses of the subject property is necessary, and should be conducted before entry of any judgment in the action (see, McVicker v Sarma, 163 AD2d 721). Eiber, J. P., Sullivan, Balletta and O'Brien, JJ., concur.