ROBERT STORY, Appellant-Respondent, v CLINTON WOOD et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. MANISH PATEL et al., Third-Party Defendants-Respondents.

Third Department, May 9, 1991

## APPEARANCES OF COUNSEL

*Stanton M. Drazen (Catherine E. Stuckart* of counsel), for appellant-respondent.

*Levene, Gouldin & Thompson (Albert B. Kukol* and *David F. McCarthy* of counsel), for defendants and third-party plaintiffs-respondents-appellants.

*Coughlin & Gerhart (Robert J. Smith* of counsel), for third-party defendants-respondents.

### OPINION OF THE COURT

LEVINE, J.

Plaintiff's tavern in the Town of Kirkwood, Broome County, adjoins an undeveloped lot owned by defendant Gary Wood. When plaintiff purchased the tavern property in 1983 from defendants Clinton Wood and Ralph Wood, he entered into an agreement with defendants giving plaintiff the right to use the adjoining lot for parking by tavern patrons, terminable by defendants on 60 days' notice for "a legitimate business purpose". The parking agreement also gave plaintiff a "right of first refusal" to purchase the parking lot upon notice of any "bona fide offer" and gave him 30 days "upon which to match said bona fide offer in terms of price and terms".

In July 1986, notice of a proposed sale of the parking lot for $105,000 was sent by defendants' attorney to plaintiff's attorney. Accompanying the notice was the contract of sale for the lot with the prospective purchaser's name deleted, containing a contingency for zoning approval of use of the property for a restaurant. Plaintiff's attorney responded by asserting that plaintiff was not contractually bound to match such a conditional purchase offer and that plaintiff continued to have the right of first refusal for any future unconditional offer. Apparently, this transaction fell through for, in July 1987, defendants' attorney sent another notice regarding a prospective sale for $95,000 and enclosed the sales contract, again with the buyer's name deleted, setting forth the terms of payment in cash and a purchase-money mortgage. That agreement, which defendants' attorney represented had been fully executed, had three contingencies relating to approval and financing for the construction and operation of a franchise restaurant. However, the agreement set time limits upon the buyer's obtaining such approval and financing, subject to such "further extension as may be reasonable under the circumstances". Third-party defendants Manish Patel and Jitendra Patel were subsequently identified as the prospective purchasers under that agreement.

Plaintiff's attorney responded to this notice by again contending that plaintiff was not contractually obliged to match a conditional purchase offer. Plaintiff made a counteroffer to buy the parking lot unconditionally for $50,000. After the 30-day period specified in the right of refusal provision of the parking agreement expired, a written notice was sent advising plaintiff that, by reason of his failure to timely meet the July

1987 offer, his right of first refusal had terminated. Subsequently, defendants also sent a notice of termination of the parking agreement because of the impending third-party sale.

Presumably because of the Patels' delay in satisfying the contingencies under their purchase contract with defendants, discussions and exchanges of correspondence took place regarding the purchase of the parking lot by plaintiff. Defendants' attorney wrote in response to an inquiry from plaintiff's attorney stating, however, that the Patel contract had not yet been terminated but that it might be "if we receive a reasonable offer from your client". That same day notice was sent to the Patels by defendants setting a deadline for the satisfaction of all the contingencies. Before the final expiration of that deadline, there were further discussions in late March 1988 between defendants and plaintiff, with conflicting versions of what was said. Plaintiff maintained that an oral agreement was made for his purchase of the property for $95,000, upon sending in a $10,000 deposit to defendants' attorney. Defendants testified that plaintiff was only told that an offer would be considered if plaintiff delivered the deposit and a proposed contract for their attorney's review.

Apparently as a result of the foregoing discussions, on March 30, 1988 plaintiff's attorney sent defendants' attorney a $10,000 bank check with a letter advising that plaintiff was exercising his right of first refusal to purchase the parking lot property for $95,000, according to the payment terms of the July 1987 notice. The letter further stated that, because plaintiff had already commenced adding gravel to improve the lot, an early closing was requested. The next day plaintiff's attorney sent a second letter repeating his position that the purchase was pursuant to the exercise of plaintiff's right of first refusal rather than direct negotiations and informing defendants of plaintiff's further improvements to the parking lot.

Approximately 10 days later, defendants' attorney confirmed by letter his verbal notification to plaintiff's attorney that plaintiff's right of first refusal had expired by the previous 30-day notice of the proposed Patel purchase agreement and that the Patel agreement was still in effect. Plaintiff's deposit was returned with the letter. The Patels then informed defendants that they were waiving their contingencies in the purchase agreement and were prepared to close on the property once defendants disposed of plaintiff's claim.

Plaintiff then brought this suit setting forth two causes of action. The first claim sought specific performance of plaintiff's right of first refusal regarding an alleged April 1988 unconditional offer by the Patels to purchase the parking lot. The second cause of action was for specific performance or damages, based upon an alleged oral purchase agreement and the improvements to the property by plaintiff allegedly made in reliance thereon. After a nonjury trial, Supreme Court rejected plaintiff's claims for specific performance, concluding that plaintiff's right of first refusal expired when he failed to make a timely response to the July 1987 notice of the Patels' purchase agreement, and that any alleged subsequent oral contract of sale was barred by the Statute of Frauds. As a matter of equity, however, the court awarded damages of $6,264, representing the cost of plaintiff's improvements to the lot. These cross appeals followed.

■ We agree with Supreme Court's denial of specific performance to plaintiff on either of his causes of action. As to the claim based upon his right of first refusal to purchase the subject parcel under the parties' parking agreement, we reject plaintiff's contention that defendants' July 1987 notice was not an effective notice of a bona fide offer because the identity of the purchaser was not revealed and the purchase agreement was not an unconditional offer. The right of first refusal in the parking agreement did not expressly require that an outside offer to purchase be unconditional or that the notice thereof reveal the identity of the prospective purchaser. In the absence of parol evidence to support plaintiff's interpretation of the right of first refusal, a "good faith offer" in this agreement meant (1) a genuine outside offer rather than one contrived in concert with the seller solely for the purpose of extracting a more favorable purchase price from the holder of the right of first refusal *(see, Raytheon Co. v Rheem Mfg. Co.,* 322 F2d 173, 178), and (2) an offer which the seller honestly is willing to accept *(see, Cortese v Connors,* 1 NY2d 265, 269).

■ The conditions contained in the Patels' purchase agreement were not impossible to fulfill *(cf., H. G. Fabric Discount v Pomerantz,* 130 AD2d 712, 713). Defendants' willingness to accept the Patels' offer is not disputed. Therefore, despite the presence of conditions in the offer, the July 1987 notice thereof to plaintiff constituted full compliance with the first refusal clause *(see, LIN Broadcasting Corp. v Metromedia, Inc.,* 74 NY2d 54, 62; *Mucci v Brockton Bocce Club,* 19 Mass App 155, 472 NE2d 966, *review denied* 394 Mass 1102, 475 NE2d

401). The failure of plaintiff to match the Patels' offer within the time frame specified in the first refusal provision of the parking agreement left defendants free to sell the property to the Patels. The right of first refusal was not reinstated when the Patels waived the contingencies specified in the purchase agreement. The three conditions were all for the benefit of the prospective purchasers, who had the right to waive them and compel the sellers' performance *(see, BPL Dev. Corp. v Cappel,* 86 AD2d 591, *lv denied* 56 NY2d 506). The conditions were never any material consideration for plaintiff.

Nor do we see any reason here to accept plaintiff's invitation on appeal to extend the limited rule affording equitable relief to a tenant who inadvertently fails to timely renew a lease after making substantial improvements to the leased premises *(cf., J.N.A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392). Plaintiff has not contended on appeal that Supreme Court erred in ruling that the Statute of Frauds barred the enforcement of any alleged oral agreement for the sale of the subject property to plaintiff.

We, however, have concluded that the damage award to plaintiff cannot stand. We find no basis in equity for Supreme Court to have imposed liability upon defendants for plaintiff's expenditures in adding gravel to the parking lot. As Supreme Court noted, the addition of the gravel was of no benefit to defendants, who intended to sell the property either to the Patels or to plaintiff. Hence, defendants were not unjustly enriched. In the absence of any findings or proof of fraud or bad faith on defendants' part, plaintiff, as an alleged vendee, was not entitled to recover for improvements made to the property in anticipation of the sale *(see, Walton v Meeks,* 120 NY 79, 82-83; *Welch v Shiffman,* 80 AD2d 683).

MAHONEY, P. J., CASEY, WEISS and MERCURE, JJ., concur.

Judgment modified, on the law, without costs, by reversing so much thereof as awarded damages to plaintiff in the sum of $6,264, and, as so modified, affirmed.