OPINION OF THE COURT
Edward A. Sheridan, J.
In this action for divorce and equitable distribution pursuant to Domestic Relations Law § 236 (B), an issue has arisen as to *1039 the respective rights of the parties in certain household property, namely, a set of antique bedroom furniture and a set of Limoges china.
The bedroom set and china were purchased approximately two months prior to the marriage at an auction at which both parties were present and at which defendant bid. The items were paid for with a check drawn by plaintiff on an account in his name but to which both parties, although not cohabiting at the time, contributed funds. The property was subsequently used by both parties in the marital household.
Plaintiff contends that the property was acquired by him prior to the marriage and is his separate property. Defendant contends it was acquired by both parties for their joint use.
Domestic Relations Law § 236 (B) defines marital property, in part, as "property acquired by either or both spouses during the marriage” (Domestic Relations Law § 236 [B] [1] [c]). The same statute defines separate property, in pertinent part, as "property acquired before marriage” (Domestic Relations Law § 236 [B] [1] [d] [1]) and that "Separate property shall remain such” (Domestic Relations Law § 236 [B] [5] [b]).
Because the bedroom furniture and china in this case were purchased two months prior to the marriage, they are separate property and therefore not subject to equitable distribution under Domestic Relations Law § 236 (B). That is so even though the parties were then in an established romantic relationship. (Nell v Nell, 166 AD2d 154.) However, to find that the property is separate property does not resolve the issue as to what rights either party has in these items and, more fundamentally, whether this court may make such a determination in the context of this action.
Domestic Relations Law § 234, which predates but survives the equitable distribution statute (Domestic Relations Law § 236 [B]), authorizes a court to determine any question regarding possession or title to property arising between the parties in an action for divorce. (Kahn v Kahn, 43 NY2d 203; Novak v Novak, 135 Misc 2d 909.)
Although neither party formally requested relief under Domestic Relations Law § 234, both sides put in proof at trial concerning this property and both sides advanced arguments concerning it in their posttrial submissions. Because this dispute has arisen as an incident to the marital action, the court will proceed to resolve the dispute under authority of Do *1040 mestic Relations Law § 234, notwithstanding the lack of specific pleadings under this section. In so doing, the court is mindful of the salutary purpose underlying section 234 — to facilitate, to the extent practicable, resolution of all economic issues relating to the marriage relationship in a single action. (See, Scheinkman, Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C234:l, at 72; see also, Boronow v Boronow, 71 NY2d 284.)
That plaintiff wrote the auction purchase check on his account cannot confer an exclusive, unfettered right in the personalty for he drew upon commingled funds. Defendant would have, certainly, an equitable interest in the personalty to the extent of her contribution to the purchase price. (Perrin v Harrington, 146 App Div 292.) Plaintiff, in any event, asserting an exclusive right in the property, on this record, has failed to prove such entitlement. Indeed, there is no proof as to relative percentage shares in the commingled account from which the purchase price was paid.*
Accordingly, the court concludes that when the parties together attended an auction two months before their wedding and there purchased a bedroom set and a set of Limoges china with a check from an account into which both parties had contributed their respective incomes, they took title together in equal shares, and, in accordance with the presumption favored by law (see, e.g, EPTL 6-2.2), a tenancy in common was created in those items.
In resolving questions of title in separate property owned in common pursuant to Domestic Relations Law § 234, a matrimonial court has the equitable power to issue a decree of partition or to require the sale of any such property. (Ripp v Ripp, 38 AD2d 65, affd 32 NY2d 755.) A partition decree is not limited to real property any more than ownership as joint tenants or tenants in common is limited to real property. The equitable remedy of partition of personalty is well established in New York (Chiang v Chang, 137 AD2d 371). The court, in fashioning a remedy, is required to consider all the equities which exist between the parties and which arise out of their relation to the property to be divided. (Ripp v Ripp, supra, at 68.)
*1041 In light of the foregoing discussion and in light of the division of the bulk of the parties’ property under equitable distribution and the factors considered therein, the court directs that, unless within 30 days of the entry of judgment the parties can otherwise agree to an equitable division of their separate property set forth above, said property shall be sold as soon as practicable thereafter and the proceeds divided 50% to each party.

 Even if plaintiff’s contributions were grossly disproportionate to defendant’s, in all the circumstances the evidence is inconsistent with any other design on his part than to confer a gift of an equal share upon defendant in contemplation of their marriage (see, 62 NY Jur 2d, Gifts, §§ 5, 38; cf., Kelly v Beers, 194 NY 60).