■ MAFALDA TEDESCO, Appellant, v FRANK A. TEDESCO et al., Respondents. [702 NYS2d 459] —Mercure, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered November 13, 1998 in Albany County, which, *inter alia,* granted defendants' motions for summary judgment and dismissed the complaint against defendants Frank A. Tedesco and Donna L. Tedesco.

In May 1990, plaintiff and her late husband, Frank A. Tedesco, Sr. (hereinafter decedent), conveyed title to their home in the Town of Guilderland, Albany County, to themselves and their son and daughter-in-law, defendants Frank A. Tedesco and Donna L. Tedesco (hereinafter collectively referred to as defendants). The granting clause of the deed identified the grantees in the following manner: "[Decedent] and [plaintiff], husband and wife * * * and [defendants], husband and wife * * * *all as joint tenants with right of survivorship*" (emphasis supplied). At the time of the May 1990 conveyance, the property was encumbered by a $35,000 first mortgage in favor of defendant First Union Home Equity Corporation, the proceeds of which were used to add an "in-law" apartment to the premises. In July 1993, the parties took out a further mortgage, also in favor of First Union. It appears that defendants have made all monthly payments on both mortgages.

In 1996, following decedent's death and a falling out between plaintiff and defendants, plaintiff commenced this action seeking a partition and judicial sale of the property and to impress a constructive trust. First Union was named as a party because of its equitable interest in the property as first lienor. In its answer, First Union asserted a counterclaim against plaintiff seeking, as relevant here, that in the event the relief sought in the complaint was granted, First Union be paid the principal and all other sums due under the mortgages, plus interest thereon and the counsel fees incurred in this action. Defendants asserted a cross claim against First Union alleging that the 1993 mortgage "was issued subject to [their] right, title and interest in the [property]" and that in the event of a court-ordered sale of the property plaintiff be responsible for satisfaction of the same, "which satisfaction should be offset against the recovery awarded to the Plaintiff".

Following joinder of issue, defendants moved for summary judgment dismissing the complaint and First Union cross-moved for summary judgment (1) declaring that plaintiff's and defendants' interests in the property are subject to its first lien, (2) declaring that in the event of the sale, transfer or disposition of the premises, the principal balance of the mortgage notes, interest and any other sums due thereunder be immediately paid, and (3) against plaintiff for its counsel fees and other costs and disbursements incurred in the action. Supreme Court granted both motions and plaintiff appeals.

Initially, we agree with so much of Supreme Court's determination as dismissed plaintiff's cause of action to impress a constructive trust. Notably, the evidence adduced on the summary judgment motion fails to disclose any unfulfilled promise that induced plaintiff and decedent to grant defendants an interest in the property (see, *McGrath v Hilding*, 41 NY2d 625, 628-629). Indeed, at her deposition plaintiff acknowledged that defendants had carried through on their oral agreement to take care of her and decedent during their lifetimes and to maintain the property. It was only plaintiff's unwillingness to have further contact with defendants that prevented their further performance under the oral agreement.

Next, we concur in Supreme Court's determination that the 1990 deed did not create two tenancies by the entirety, each holding as joint tenant with the other, but rather created a joint tenancy among the four grantees (see, *Fekkes v Hughes*, 354 Mass 303, 304, 237 NE2d 19, 20; *Prario v Novo*, 168 Misc 2d 610, 613). Otherwise, the use of the word "all" in the deed's granting clause is rendered meaningless (see, *Fekkes v Hughes, supra*, at 304, at 20). We therefore agree with Supreme Court's determination that plaintiff does not hold the one-half interest she claims. To the contrary, plaintiff and defendants each hold a one-third interest in the property.

We agree with plaintiff's contentions regarding the balance of the relief granted by Supreme Court. First, as defendants now concede, as a joint tenant with right of survivorship, plaintiff is entitled to partition as a matter of right (see, RPAPL 901 [1]). Further, because a partition action is equitable in nature, an accounting is a necessary incident thereto (see, *Deitz v Deitz*, 245 AD2d 638). At the time of trial, the court may adjust the rights of the parties so each receives his or her proper share of the profits (see, *id.*, at 639). As a final matter, except to the extent of declaring that First Union's mortgages constitute a valid first lien on the property and are to be satisfied out of the proceeds of a judicial sale (a point that is not

seriously disputed), we conclude that Supreme Court erred in granting First Union's summary judgment motion. Contrary to First Union's assertion, neither plaintiff's action nor defendants' cross claim constitutes "a legal proceeding that may significantly affect [First Union's] rights in the property" so as to trigger *its* right under the first mortgage to be reimbursed for counsel fees. In our view, First Union's contrary claims are devoid of merit.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff against defendant First Union Home Equity Corporation, by reversing so much thereof as awarded summary judgment in favor of defendants Frank A. Tedesco and Donna L. Tedesco, except to the extent of dismissing the second cause of action against said defendants, and as awarded summary judgment in favor of defendant First Union Home Equity Corporation, except to the extent of declaring that said defendant's mortgages constitute a valid first lien on the property of plaintiff and defendants Frank A. Tedesco and Donna L. Tedesco and shall be satisfied out of the proceeds of sale of the property; said motions granted to that extent; and, as so modified, affirmed.