OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
Defendant brings the instant motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and plaintiff cross moves for summary judgment in his favor pursuant to CPLR 3212.
The parties have been married since April 7, 1962. Over the course of this long marriage they have accumulated substantial assets. Plaintiff, Joseph Sciacca, initiated an action for divorce based upon the ground of cruel and inhuman treatment on *106 May 10, 1999. Plaintiff, however, states in his instant affidavit that upon learning of the heavy burden of proof that he would sustain in order to terminate this 40-year marriage, he has decided to abandon his claim for divorce.
As a result, on April 7, 2000, plaintiff served and filed an amended complaint in which he seeks partition of a certain brokerage account maintained with Solomon Smith Barney, Inc. (Smith Barney) which is held by the parties as joint tenants with rights of survivorship. The assets in this account, by far the parties’ largest asset, are approximately $750,000. In July 1999, defendant’s attorney contacted Smith Barney and instructed them, in light of the ongoing matrimonial litigation, that no checks were to be issued from this account without defendant’s prior written authorization. Plaintiff states in his complaint that he seeks a partition and liquidation of the account so that he can transfer his share of the proceeds to his adult daughter from a previous marriage. Plaintiff indicates in his affidavit that he is in poor health. Defendant does not deny that she is well aware of the fact that, without the divorce, she will inherit the entire balance of the account upon plaintiffs death. Defendant, for her part, asserts that plaintiff has already appropriated marital assets, allegedly including, but not limited to, $70,000 spent on a luxury automobile, $82,700 in proceeds from the sale of long-term assets and $180,000 in sales from other assets. Yet, defendant does not deny that she too has transferred approximately $200,000 of the parties’ assets into her own name.
Defendant opposes plaintiffs motion on the grounds that under the laws of equitable distribution, and as articulated by the Court of Appeals in Kahn v Kahn (43 NY2d 203), a court cannot direct the disposition of property held by married couples as tenants by the entirety until -the court first alters the marital status, such as by entering a judgment of divorce or separation. Indeed, the law is long-settled that neither entirety tenant may, without the consent of the other, dispose of any part of the property to defeat the right of survivorship. (Hiles v Fisher, 144 NY 306.) Accordingly, defendant’s argument follows, insofar as plaintiff herein abandons his divorce action, this court is without power to affect the distribution of the parties’ assets.
However, it has also been recognized that in cases where relief such as a judgment of divorce is denied, “the rights of the parties must be determined by ordinary property principles, applied through the procedural prism of [Domestic Relations *107 Law] § 234,” which governs determinations of title and possession of property. (Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C234:l, at 97 [emphasis added].) Also instructive is the Court of Appeals ruling in Jooss v Fey (129 NY 17, 23), wherein the Court found that notwithstanding the common-law rules of tenancy by the entirety, where the “express words of the grant” to a husband and wife were to them as joint tenants, then they take as such, and not as tenants by the entirety. This holding, despite its age, is still controlling for the principle that not every conveyance of property to a man and wife becomes a tenancy by the entirety where the express terms of the grant state otherwise. (See, Tedesco v Tedesco, 269 AD2d 660; Prario v Novo, 168 Misc 2d 610; Kurpiel v Kurpiel, 50 Misc 2d 604.) This principle is also reflected in the EPTL, wherein “[a] disposition of real property to a husband and wife creates in them a tenancy by the entirety, unless expressly declared to be a joint tenancy.” (EPTL 6-2.2 [b].)
Therefore, the failure of the divorce action does not divest this court of the power to make title and property determinations based upon principles of equity and discretion. (Domestic Relations Law § 234; Brady v Brady, 101 AD2d 797.) Inasmuch as the parties do not dispute the fact that the express terms of the Smith Barney account vest title in them as joint tenants with rights of survivorship, the terms of the agreement supercede the common-law rule of tenancy by the entirety. (Jooss v Fey, supra; Tedesco v Tedesco, supra; Prario v Novo, supra.) It follows that, as a joint tenant with right of survivor-ship, plaintiff is entitled to partition as a matter of right. (RPAPL 901; Tedesco v Tedesco, 269 AD2d 660, supra; Freigang v Freigang, 256 AD2d 539; Prario v Novo, supra.)
In light of the foregoing, the motion to dismiss is denied. Inasmuch as a partition action is equitable in nature, and since each party asserts that the other has made unwarranted appropriations of jointly held assets, the cross motion is granted only to the extent that it is recognized that plaintiff is legally entitled to partition of the aforesaid account. In consideration of the conflicting claims for setoff against the proceeds, the January 31, 2000 restraining order of this court shall remain in full force and effect pending a hearing upon which an appropriate distribution of the funds can be determined.