■ CLAUDIO D. MARINESCO, Respondent, v MISTY J. BECKENBACH, Appellant. [771 NYS2d 887]—

Order and judgment (one paper), Supreme Court, New York

County (Joan Madden, J.), entered July 11, 2003, which, inter alia, granted plaintiff's motion to the extent of granting him summary judgment upon his first cause of action for partition and sale of the parties' cooperative apartment, and denied defendant's cross motion for a default judgment upon her counterclaims, unanimously affirmed, without costs. Appeal from the underlying decision, same court and Justice, dated March 18, 2003, unanimously dismissed, without costs, as taken from a nonappealable paper.

Summary judgment upon plaintiff's cause for partition and sale of the subject cooperative apartment was properly granted. Although defendant maintains that plaintiff's right as co-owner of the apartment to seek its partition and sale (see RPAPL 901 [1]; *Chiang v Chiang*, 137 AD2d 371 [1988]) was limited by the parties' agreement, which she contends permits her to remain in the apartment so long as she pays the carrying costs, the agreement cannot be so construed. Indeed, the agreement expressly recognizes that the apartment was purchased by the parties as an investment and specifically contemplates and provides for its eventual sale. Thus, while it permits defendant to reside there on certain conditions, it does so only "until the sale of the apartment" and contains no provision restricting plaintiff's prerogative as a co-owner to seek such a sale.

Defendant's cross motion for a default judgment upon her counterclaims was properly denied. Plaintiff presented a reasonable excuse for his failure to timely reply to the counterclaims and defendant was not prejudiced by the relatively short delay involved. Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Marlow, JJ.