OPINION OF THE COURT
Barry D. Kramer, J.
*547 In this case of first impression wherein the plaintiff Stanley J. Beran seeks to partition personal property titled jointly to him and his wife Marlene J. Beran, the defendant herein, a notice of motion has been filed by the defendant requesting the following relief: (1) a more definite statement of pleadings; (2) the striking of prejudicial matter from the complaint; (3) dismissal of the complaint pursuant to Civil Practice Law and Rules § 3211 (a) (4) due to another action pending seeking similar relief; (4) dismissal of the complaint pursuant to CPLR 3211 (a) (5) based upon the parties having previously litigated the very same action and being subject to an order thereof; (5) dismissal of the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action upon which relief may be granted; (6) dismissal of the complaint based upon the laws governing equitable actions, which require that there be no other adequate remedy at law for the relief sought, where such relief is available and is in fact being pursued by the plaintiff in a separate pending action; and (7) for an award of legal fees for bringing this motion and defending this action. Plaintiff opposes the motion. After the court heard oral argument on September 24, 2004, legal memoranda were submitted by both parties pursuant to the court’s request, particularly addressing the question of the legal authority to commence an action for partition of personalty titled jointly between two spouses. The court has fully reviewed all of the papers and pleadings heretofore filed herein, and has had due deliberation thereon.
By way of background, this action is the third lawsuit between these two parties. The first action, commenced by Mrs. Beran, alleged the conversion by Mr. Beran of Mrs. Beran’s share of the parties’ jointly owned General Electric stock dividends. That action was resolved through a written stipulation of settlement and consent order whereby Mr. Beran agreed to provide to Mrs. Beran one half of all dividends he ever received or will receive from the General Electric Long Term Interest Fund. The second action was one for divorce, commenced by Mr. Beran. The complaint in that action was dismissed by the trial judge on Mrs. Beran’s summary judgment motion, for lack of sufficient grounds for the divorce itself. Mr. Beran appealed that decision, but has recently informed this court through his counsel that he withdrew his appeal, rendering the dismissal of that action final.*
*548 In the instant action before this court, plaintiffs complaint seeks the partition and sale of the parties’ jointly owned assets totaling approximately $835,000. These assets consist of General Electric common stock, a General Electric Long Term Income Fund, and a General Electric Savings and Security Mutual Fund. All of these assets are titled to both parties as joint tenants with rights of survivorship. Plaintiff alleges that the defendant refuses to divide these assets with the plaintiff, “deliberately and effectively tying up the entire amount in an attempt to outlive Plaintiff, and thereby inherit one hundred percent (100%) of this money.” (See complaint 11 4.) It is undisputed that the bulk of these assets was accumulated during the parties’ marriage, through both parties’ employment with the General Electric Company. The parties married in 1970, and physically separated in 1991. The plaintiff is now 81 years of age, and the defendant is 70 years of age.
Turning directly to the defendant’s argument that there is no basis in the law to maintain this action for partition of personal marital property, defendant contends that a thorough search of the case law has revealed no decisions from any of the appellate courts in New York State that have addressed the question of the partition of personal marital property titled jointly between two spouses who remain married, which is the subject of a separate plenary action. There being no precedent for such an action, defendant argues that it would be improper for this court to ignore the lack of statutory or common-law authority and simply create a new right of action. Defendant also cites to policy reasons which dictate against the court allowing this action to go forward. Defendant argues that to allow plaintiff to pursue this action would be to inappropriately override the mutual, clear and express intent of these parties to restrict either party’s access to their joint assets without the consent of the other. More importantly, allowing such an action to proceed would in effect subvert the directive of the Domestic Relations Law, which mandates that a divorce must first be granted before the courts can distribute marital property.
In opposition to defendant’s motion and in defense of his asserted cause of action, plaintiff argues that there is statutory authority and supporting case law for bringing this partition action. Plaintiff primarily cites to the provisions of Domestic Rela *549 tions Law § 234, and the decisions in Brady v Brady (101 AD2d 797 [1984], affd 64 NY2d 339 [1985]), Kahn v Kahn (43 NY2d 203 [1977]), Ripp v Ripp (38 AD2d 65 [1971]), and Sciacca v Sciacca (185 Misc 2d 105 [2000]). Plaintiff implores the court to exercise its discretion and allow this action to go forward, based on principles of equity and fairness.
Domestic Relations Law § 234, entitled “Title to or occupancy and possession of property,” reads in pertinent part:
“In any action for divorce, for a separation, for an annulment or to declare the nullity of a void, marriage, the court may (1) determine any question as to the title to property arising between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court’s discretion justice requires having regard to the circumstances of the case and of the respective parties” (emphasis added).
Plaintiff interprets this statute as providing authority for the instant action for the partition of personal marital property. Plaintiff claims that certain courts in this state have applied this statute under similar circumstances, and have allowed the partition of such property. However, this court disagrees with plaintiffs interpretation of this statute and his assessment of the case law. By the clear and explicit language contained in its opening clause, Domestic Relations Law § 234 and its provisions are only implicated in actions for divorce, separation or annulment. The Practice Commentaries to the statute clearly indicate that its scope is limited to the determination of title questions in marital actions:
“The purpose of this provision, first enacted long prior to the advent of equitable distribution, is to allow all issues existing between the parties to be determined in a single action, the matrimonial action . . .
“DRL § 234 continues to be relevant to actions that were commenced prior to the Equitable Distribution Law, as well as to actions which are subject to Equitable Distribution but in which no termination of the marital relationship is granted.” (Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law C234:l, at 90, 95 [emphasis added].)
Since the instant action is neither a matrimonial action, an action commenced prior to the advent of the Equitable Distribu *550 tion Law, nor an action subject to equitable distribution principles, Domestic Relations Law § 234 has no application to this case.
The court has also reviewed the cases cited by the plaintiff which apply Domestic Relations Law § 234, and finds that each of them are easily distinguishable from the instant matter on their facts, and actually lend support in favor of the defendant’s position. For instance, in Brady v Brady (supra), a Second Department case, the appellate court invoked the provisions of Domestic Relations Law § 234 after reversing the lower court’s grant of a judgment of divorce to the plaintiff husband. The appellate court held that “[notwithstanding the failure of the underlying divorce action, however, the trial court was still empowered to determine any questions as to title to property arising between the parties and in its discretion make such direction concerning possession of property as justice requires” (Brady, supra at 799, citing Domestic Relations Law § 234). Thus, the appellate court affirmed the lower matrimonial court’s title declarations to conjointly owned property, and upheld its directions concerning possession of such property. However, the appellate court specifically did not distribute marital property, finding the Equitable Distribution Law as a bar to doing so: “[S]ince our decision today leaves the parties’ legal relationship unchanged, no distribution of the marital assets may be effected .... A court is not empowered to direct a sale of jointly held property unless it also alters the legal relationship of the parties.” (Id. at 798-799 [citations omitted].)
Kahn v Kahn (supra) is a pre-Equitable Distribution Law case, and clearly holds as follows:
“Since section 234 was intended only as a procedural device to permit a court in a marital action to determine questions of possession and title arising within that action, and was not intended to alter existing substantive property law principles, we hold that unless a court alters the legal relationship of husband and wife by granting a divorce, an annulment, a separation or by declaring a void marriage a nullity, it has no authority to order the sale of a marital home owned by the parties as tenants by the entirety.” (Kahn, supra at 210 [emphasis added].)
Plaintiff suggests that Kahn actually supports his position because the subject property in this case is not owned by the parties as tenants by the entirety, but rather as joint tenants *551 with rights of survivorship. However, this court finds such distinction of no consequence, since the subject property in Kahn just happened to be real property (i.e., the marital residence), owned by the parties as tenants by the entirety by operation of law. This court submits that given the discussion of the intended purpose of Domestic Relations Law § 234 by the Kahn court as quoted above, the result in that case would have been the same even if the property at issue in that case had been personal property held by the parties as joint tenants with rights of survivorship, as such a tenancy is certainly akin to a husband and wife owning real property as tenants by the entirety. In any event, Kahn clearly supports a finding that Domestic Relations Law § 234 is not applicable in this post-Equitable Distribution Law, nonmarital action which seeks to not only declare title and possession to the subject property, but seeks to distribute and/or liquidate marital property titled jointly to the parties.
Nor does the court find that the decision in Ripp v Ripp (supra) supports the plaintiffs position. Again, as with Kahn, Ripp predates the enactment of the Equitable Distribution Law. While Ripp involved a separate action for partition of the parties’ marital premises, it is totally distinguishable from this case because the parties in that case were already divorced. As a result of the severance of the marital ties, the tenancy by the entirety was necessarily converted to a tenancy in common. It is well established that real property owned by tenants in common is subject to an action for partition under article 9 of the Real Property Actions and Proceedings Law. Still, the Ripp court instructed its plaintiff to return to the matrimonial court and move to modify the judgment of divorce, commenting that the matter would be better heard by the matrimonial court, and that property owned by parties who were previously married should be divided in the context of the divorce action. (Ripp, supra at 69-70.) Since the parties in the instant action are not divorced, but remain married, and the property at issue is still owned by them as joint tenants with rights of survivorship, Ripp has absolutely no bearing on the case before this court.
Plaintiff further attempts to persuade the court that the cases cited by the defendant actually support the plaintiffs position, but to no avail. While Chiang v Chang (137 AD2d 371 [1988]) establishes the right in New York to seek partition of personalty in a plenary action in equity, that case involved two parties, completely unrelated to each other, who owned shares in a cooperative apartment as tenants in common. Acknowledging the *552 real property component in these shares, the Chiang court remanded the matter to a referee to hear the case pursuant to RPAPL article 9. Since the parties in the case at bar are related as husband and wife, the property at issue is solely personal in nature, and is owned by them not as tenants in common, but as joint tenants with rights of survivorship, the generalized findings made by the Chiang court are simply inapplicable to the facts of this case.
Brownell v Brownell (168 Misc 2d 1038 [1996]) is likewise inapposite. In the context of this divorce action, the Brownell court, in addition to equitably distributing the parties’ marital property, partitioned personal property that had been acquired prior to the parties’ marriage, which was deemed to be held by them as tenants in common. The court did so under the auspices of Domestic Relations Law § 234, citing to “the salutary purpose underlying section 234 — to facilitate, to the extent practicable, resolution of all economic issues relating to the marriage relationship in a single action.” (Brownell, supra at 1040.) The factual distinctions between Brownell and the instant action are simply too obvious to warrant any further comment or discussion.
Lastly, the court has considered plaintiffs reliance on Sciacca v Sciacca (supra), the only case cited by the plaintiff that is remotely analogous to the facts of this case. However, there are still important procedural distinctions. The original complaint in Sciacca sought a divorce based upon the ground of cruel and inhuman treatment. After deciding to abandon that claim, Mr. Sciacca served and filed an amended complaint in that very same action seeking to partition the married couple’s brokerage account titled to them as joint tenants with rights of survivor-ship. Relying on Domestic Relations Law § 234 and RPAPL 901, the court held that Mr. Sciacca was entitled as a matter of right to partition this account based upon principles of equity and discretion, even though the divorce had failed.
The court will first note that the procedural difference between Sciacca which began as a divorce action, and the instant action which was initially commenced separate and apart from, and subsequent to, the divorce action, arguably renders Sciacca impertinent to this case. Putting this distinction aside, and even though the Sciacca decision is not binding on this court, this court feels compelled to comment that, with all due respect to the Sciacca court, it is the reasoned opinion of this court that its decision is not good law. Even though that action started out *553 as a matrimonial action, which would perhaps implicate the provisions of Domestic Relations Law § 234, it was converted to a nonmarital action when Mr. Sciacca amended his complaint to a cause of action for partition only. Without any authority, the Sciacca court expanded the scope of Domestic Relations Law § 234 to apply to a nonmarital action despite the statute’s clear mandate to the contrary, and exceeded its power to simply make determinations with respect to title and possession of nonjointly owned property in cases where the parties remain married. Without any authority (which surely cannot be found in the RPAPL, which only pertains to real property), the Sciacca court boldly went on to distribute marital personal property when no divorce had ever been granted, in direct contravention of the Equitable Distribution Law. This court strongly disagrees with the holding in Sciacca, and declines to follow its lead and find a similar holding in this case.
In consideration of all of the foregoing, this court is left with no statutory authority, and absolutely no common-law precedent for allowing the instant action to go forward. To reiterate, what makes this case fall outside the purview of Domestic Relations Law § 234, and distinguishable from all of the cases cited herein, is the fact that this is not a matrimonial action, it was not commenced prior to enactment of the Equitable Distribution Law in 1980, and it is not subject to equitable distribution principles (all conditions that, if met, could trigger the application of Domestic Relations Law § 234). This court finds that the procedural distinction between this case and all of the cases applying Domestic Relations Law § 234 is an important one. This is not a matrimonial action, in which a divorce has not been granted, but the court goes on to apply ordinary property law principles. This is a totally separate, nonmarital, plenary action for partition, distinct from the previously dismissed matrimonial action that was pending before a different court. This court simply will not expand the scope of Domestic Relations Law § 234 to apply in this type of case.
Moreover, the factual distinctions between this case and all of the cases cited herein are equally important. Again, the parties remain married to each other, the property at issue is personal in nature, and is clearly marital, being acquired during the marriage and titled to the parties as joint tenants with rights of survivorship. It is worth noting that the preponderance of the property at issue consists of General Electric common stock held in certificate form. A perusal of these certificates (annexed *554 to the affirmation of Richard M. Antokol, Esq., dated Sept. 15, 2004, as exhibit A) reveals that they were issued periodically from as far back as May 1971, all the way up to May 2000. Each and every one of the certificates listed both of their names, and was titled to them as joint tenants. Many of the certificates include the additional language “with rights of survivorship.” The parties clearly intended to own this stock jointly, from the first issued to the last.
This court would be hard pressed to simply ignore the longstanding, mutual intent of the parties, which was continually reaffirmed by them, even subsequent to the date of their physical separation. This court must give deference to this voluntary, consensual arrangement, especially when there is no legal basis to alter it.
While this decision is rendered with a heavy heart for the plaintiff, the court must respect the current state of the law in New York, which mandates that a divorce must first be granted before the corpus of joint marital property can be equitably divided between two spouses. This court will not license a circumvention of the Equitable Distribution Law. Unfortunately, plaintiff must await New York becoming a “no-fault” divorce state, or some other change in legislation. But for now, this court decrees that equitable distribution in the context of a divorce action is the exclusive vehicle for dividing property titled jointly between two spouses.
' Based on all of the foregoing, the defendant’s motion is hereby granted on the basis that the plaintiffs complaint fails to state a cause of action upon which relief may be granted. Accordingly, the complaint is hereby dismissed in its entirety. Defendant’s request for counsel fees, and plaintiffs request for sanctions, are both hereby denied as neither award is warranted in this matter. The remaining forms of relief requested by the defendant in her motion need not be addressed, as those requests have been rendered academic by the above decision.

 In light of Mr. Beran’s recent withdrawal of his appeal of the dismissal of his divorce action since the submission of the instant motion, the court will *548 disregard that prong of the defendant’s motion seeking dismissal of this action due to the pendency of another action seeking similar relief, as such is no longer the case.