■ ESTATE OF GERTRUDE STEINGART, Deceased, by DIANE STEINGART, as Personal Representative, Respondent, v BARBARA HOFFMAN, Appellant. [823 NYS2d 29]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered July 13, 2005, which, upon the prior grant of plaintiff's motion for summary judgment on her claim for partition and sale of the cooperative apartment owned by the parties as tenants-in-common, inter alia, ordered the apartment's partition and sale, unanimously affirmed, with costs.

The allegations, pleading grounds for partition and sale of the subject apartment, were admitted by defendant in her verified answer. In any case, the necessity of a sale as opposed to physical partition of the apartment is borne out by the record, which discloses that the parties fundamentally disagree upon issues relating to the maintenance and repair of the apartment and, accordingly, that physical partition of the premises would have resulted in great prejudice to both owners (*see* RPAPL 901 [1]; *Ferguson v McLoughlin*, 184 AD2d 294 [1992], *appeal dismissed* 80 NY2d 972 [1992]).

Defendant's motion to amend her counterclaims was properly denied. Indeed, the proposed amendments, to add claims for tortious interference with contract and for tortious interference with prospective economic advantage, were palpably without merit and should not be reasserted. No claim lies for tortious interference with contract because plaintiff, in procuring the alleged breach, was justifiably attempting to preserve her interest in the apartment (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]), and no claim lies for tortious interference with prospective economic advantage because, as noted, defendant has no tenable claim that plaintiff acted for the sole purpose of harming her, or that "wrongful means" were utilized by plaintiff (*see Snyder v Sony Music Entertainment*, 252 AD2d 294, 299-300 [1999]).

Defendant's remaining arguments are unavailing. Concur—Buckley, P.J., Tom, Marlow, Nardelli and Williams, JJ.