■ MARK FAMILY REALTY, LLC, Appellant, v ANTON SANKO, Respondent. MARY BURNETTE, Third-Party Plaintiff-Respondent, v IRA MARK et al., Third-Party Defendants. [25 NYS3d 164]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered April 18, 2015, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment dismissing defendant's counterclaim for partition and sale, and granted defendant's motion for partial summary judgment to the extent of declaring that his right to seek partition had been established and referring the matter to a special referee, unanimously affirmed, with costs.

We decline to dismiss plaintiff's appeal on the ground that it failed to assemble a proper appendix; defendant moved neither to dismiss on this ground nor to submit his own supplemental appendix.

Plaintiff suggests that partition is inconsistent with the right of first refusal in the parties' agreement. This argument is unavailing. "Partition . . . is incompatible with the right of first refusal, *at least for such time (30 days) as plaintiff's cotenants have in which to exercise that right (see Tramontano v Catalano*, 23 AD2d 894 [1965])" (*Sanko v Mark*, 52 AD3d 225, 227 [1st Dept 2008] [emphasis added]). In turn, *Tramontano*—which involved a 60-day right of first refusal—said, "[A]t the end of this 60-day period, those proposing to sell can either sell *or seek partition* should the other set of cotenants choose not to exercise the option" (23 AD2d at 895 [emphasis added]). If defendant indeed received a bona fide offer for his one-third tenant-in-common interest (an issue we discuss below), more than 30 days have elapsed since defendant notified plaintiff and his other tenant-in-common, third-party defendant Selrob Family LP, of that offer, and neither plaintiff nor Selrob matched it.

Plaintiff's contention that partition is inconsistent with the alleged intent of the parties that the subject properties remain a family tenancy-in-common is unavailing. The parties' agreement does not limit sale, assignment, devise, transfer, or

conveyance of tenancy-in-common interests to members of the Mark family.

Plaintiff improperly contends for the first time in its reply brief that the term sheet of nonparty Rubicon Companies was too indefinite to constitute an offer. Were we to consider this argument, we would find it without merit. "Striking down a contract as indefinite and in essence meaningless is . . . a last resort" (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991] [internal quotation marks omitted]). Rubicon's term sheet was more definite than the lease in *Joseph Martin, Jr., Delicatessen v Schumacher* (52 NY2d 105 [1981]), which merely said, "Tenant may renew this lease for an additional period of five years at annual rentals *to be agreed upon*" (*id.* at 108 [emphasis added]).

The fact that Rubicon's offer was subject to conditions does not prevent it from being bona fide (*see Story v Wood*, 166 AD2d 124, 128 [3d Dept 1991]). Neither does the fact that Rubicon ultimately did not sign a contract with defendant (*see generally id.* ["(A) 'good faith offer' . . . mean(s) (1) a genuine outside offer rather than one contrived in concert with the seller solely for the purpose of extracting a more favorable purchase price from the holder of the right of first refusal . . . and (2) an offer which the seller honestly is willing to accept"]).

Contrary to plaintiff's contention, defendant did not have to show that the relationship between the parties was acrimonious, that they were in deadlock, or that the subject property was mismanaged (*see Manganiello v Lipman*, 74 AD3d 667, 668 [1st Dept 2010] ["Pursuant to both the common law and statute, a party, jointly owning property with another, may *as a matter of right,* seek physical partition of the property or partition and sale *when he or she no longer wishes to jointly use or own the property*" (emphasis added)]). Even if, arguendo, defendant had to show fundamental disagreement among the tenants-in-common (*see Estate of Steingart v Hoffman*, 33 AD3d 465, 466 [1st Dept 2006]), he did so. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.