Damas v Biggs (2018 NY Slip Op 00084)





Damas v Biggs


2018 NY Slip Op 00084


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Kahn, Singh, JJ.


5380N 303874/07

[*1] Yessenia Damas, Plaintiff-Respondent,
v
William J. Biggs, Defendant-Appellant. Netherland Gardens Corp., Defendant-Respondent, HSBC Mortgage Corporation (USA), Defendant.


William J. Biggs, appellant pro se.
Smith & Nesoff, PLLC, New York (David L. Smith of counsel), for Yessenia Damas, respondent.
Tane, Waterman & Wurtzel, P.C., New York (Andrew D. Stern of counsel), for Netherland Gardens Corp., respondent.



Order and interlocutory judgment (one paper), Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about August 2, 2016, among other things, appointing a referee to conduct a sale of property and distribute the proceeds, unanimously affirmed, without costs.
Given that the parties could not reach a settlement agreement, and physical partition would cause great prejudice to both owners, the motion court correctly directed that the cooperative unit be sold and the proceeds divided (RPAPL 915; see Estate of Steingart v Hoffman, 33 AD3d 465, 466 [1st Dept 2006]). Shares to a cooperative unit may be partitioned under RPAPL article 9 (Chiang v Chang, 137 AD2d 371 [1st Dept 1988]). Further, it is undisputed that plaintiff signed the proprietary lease and was a co-owner of shares to the unit; thus, she had a right to seek partition of the unit (see id.; see also RPAPL 901[1]).
To the extent defendant co-owner of the unit raises any arguments concerning the proper division of the sales proceeds, such arguments are premature.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK