Khotylev v Spektor (2018 NY Slip Op 07112)





Khotylev v Spektor


2018 NY Slip Op 07112


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-04928
 (Index No. 612898/13)

[*1]Moysey Khotylev, appellant, 
v
Alla Spektor, respondent.


Yuliya Vangorodska, P.C., Brooklyn, NY (Julia Greenberg of counsel), for appellant.
Shpigel & Associates, P.C., New York, NY (Irina Shpigel of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for the partition and sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated May 18, 2016. The order denied the plaintiff's motion for summary judgment on so much of the first cause of action as sought the partition and sale of the subject property and, in effect, an accounting to determine the parties' respective interests in the property, and granted the defendant's cross motion, in effect, for summary judgment on her counterclaim for the partition and sale of the subject property and, in effect, for a judgment declaring that she is entitled to 50% of the proceeds from the sale of the subject property.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on so much of the first cause of action as sought the partition and sale of the subject property and, in effect, an accounting to determine the parties' respective interests in the property is granted, and the defendant's cross motion, in effect, for summary judgment on her counterclaim for the partition and sale of the subject property and, in effect, for a judgment declaring that she is entitled to 50% of the proceeds from the sale of the subject property is denied.
The plaintiff and the defendant owned the subject property as joint tenants with a right of survivorship. The plaintiff commenced this action, inter alia, for the partition and sale of the property, alleging, among other things, that he is entitled to reimbursement for payments he made toward the mortgage and other expenses on the property from the proceeds of the sale of the property. The plaintiff moved for summary judgment on so much of the first cause of action as sought the partition and sale of the property and, in effect, an accounting to determine the parties' respective interests in the property. The defendant cross-moved, in effect, for summary judgment on her counterclaim for the partition and sale of the property, without an accounting, and, in effect, for a judgment declaring that she is entitled to 50% of the proceeds from the sale of the property. In an order dated May 18, 2016, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals from the order, and we reverse.
The Supreme Court should not have denied the plaintiff's motion and granted the defendant's cross motion. "Under New York law, joint tenancies may be severed by the court-ordered partition of the property that adjusts the rights of the parties and permits its sale if it appears that a partition cannot be made without great prejudice to the owners" (Trotta v Ollivier, 91 AD3d 8, 12; see RPAPL 901[1]). " [P]artition is an equitable remedy in nature and [the] Supreme Court has the authority to adjust the rights of the parties so each receives his or her proper share of [*2]the property and its benefits'" (Brady v Varrone, 65 AD3d 600, 602, quoting Hunt v Hunt, 13 AD3d 1041, 1042). Further, "because a partition action is equitable in nature, an accounting is a necessary incident thereto" (Tedesco v Tedesco, 269 AD2d 660, 661; see Giglio v Giglio, 46 AD2d 921, 921). In light of the parties' dispute as to their respective entitlements to the proceeds from the sale of the property, an accounting is necessary to determine the parties' respective interests in the property (see Lauriello v Gallotta, 70 AD3d 1009, 1010; Wolfe v Wolfe, 187 AD2d 628, 629). Further, insofar as the defendant does not dispute that the court should direct a partition and sale of the property, and since "an accounting is a necessary incident thereto" (Tedesco v Tedesco, 269 AD2d at 661), the defendant failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing on his causes of action for an accounting and a partition and sale of the property (see Manganiello v Lipman, 74 AD3d 667, 669; Donlon v Diamico, 33 AD3d 841, 842; Augustus v Mahadeo, 168 AD2d 658).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the plaintiff's motion and denied the defendant's cross motion.
BALKIN, J.P., SGROI, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court